## JOHN E. DENNISON *vs.* PHILIP J. YOST.

*Equity jurisdiction—Forged single bill—Overruling of Demurrer—Privilege of party to decline Answering any question that may Criminate himself—Demurrer to Bill—Fine and Costs under sec.* 102, *of Art.* 16, *of the Code.*

A Court of equity will vacate a forged paper, or direct its surrender for destruction, when the forgery, or fraudulent character of the paper is established by proof.   A demurrer, therefore, which denies the right to an injunction restraining the defendant from selling,

assigning or otherwise disposing of a certain single bill, purporting to be the single bill of the complainant, and alleged by him to be a forgery, is too broad and cannot be sustained.

Where a bill calls upon the defendant to answer charges which impute to him a punishable offence against the law, he may assert his privilege to be protected from being compelled to answer anything that may criminate himself, by a demurrer to the bill.

Where upon the overruling of a demurrer to a bill in equity, the Court, in strict conformity with section 102, of Article 16, of the Code, imposes upon the defendant a fine of ten dollars, and requires him to pay the costs, such costs are confined to those accruing on the demurrer.

APPEAL from the Circuit Court for Carroll County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued for the appellee before ALVEY, C. J., STONE, MILLER, ROBINSON, IRVING, and BRYAN, J., and submitted for the appellant.

*J. A. C. Bond*, and *William N. Hayden*, for the appellant.

*William P. Maulsby*, for the appellee.

IRVING, J., delivered the opinion of the Court.

This appeal was taken from an order of the Circuit Court for Carroll County overruling the demurrer which appellant had filed to appellee's bill of complaint, and fining the appellant ten dollars and requiring him to pay the costs, and holding him in contempt until fine and costs should be paid.

The bill was filed to obtain injunction restraining the appellant from selling, assigning or disposing of a certain single bill, purporting to be the single bill of the appellee

for two thousand dollars, dated 26th of March, 1882, and payable to Samuel D. Miller, sixty days after date ; which the complainant (appellee) alleged to be a forgery. The bill charged, that the defendant was in possession thereof endeavoring to sell the same, pretending that it had been assigned to him by Samuel D. Miller, the professed payee. The bill charges that this single bill was forged by either Miller or Dennison, the complainant being unable to state positively which. It charges, that the appellant well knew the single bill to be forged and false, yet refused to deliver the same up, intending to assign the same to some other person, for the purpose of harassing the complainant. The bill prays for injunction to prevent the transfer of the single bill; and that the same may be compelled to be delivered up to be destroyed ; and that the defendant may answer the bill; and for other and further relief such as the case may require. Preliminary injunction was granted ; *subpœna* issued and was served ; and the defendant demurred. The ground of demurrer is thus stated : " that the complainant hath not, in and by his said bill, stated such a case, as doth, or ought to entitle him to such discovery or relief as is thereby sought, or prayed for, from or against him, this defendant."

In *Singery vs. Attorney-General*, 2 *H. & J.*, 497, it is said : " Although, on a bill in chancery charging forgery, the defendant cannot be compelled to answer any fact which will criminate himself, yet the Court of Chancery has jurisdiction over the case ; and on proof of the forgery, by which a fraud has been committed, will grant relief by vacating the grant or deed from whence the injury has arisen, or will make such decree as the circumstances of the case render necessary." This principle was subsequently affirmed by this Court in *Wolf vs. Wolf's Ex'r*, 2 *H. & G.*, 382, and is in strict accordance with the doctrine laid down in *Story's Equity Pleading*, secs. 524, 525, and 575, and *Daniel's Ch. Pr.*, pages 561–2 and 3.

Dennison *vs.* Yost.

It is abundantly clear, from all the authorities, that a Court of equity will vacate a forged paper, or direct its surrender for destruction, when the forgery or fraudulent character of the paper is established by proof. A demurrer, therefore, which denied the right to the relief prayed for, upon the concession of the truth of the facts alleged, was entirely too broad, and was properly overruled. The bill had called upon the defendants to answer charges which certainly imputed punishable offence against the law; and so far as the demurrer was intended to assert his right to protection from answering anything that would criminate him, approved practice justifies that method of raising the question. In this case, however, the demurrer was not confined to the assertion of the defendant's privilege, but went to the extent of denying the complainant's right to the relief sought on the facts alleged. It could only be dealt with as a whole, and was, of necessity, overruled. We find nothing in the form of the order appealed from, nor in the case of *Trego vs. Skinner*, 42 *Md.*, 433, relied on by appellant's counsel, upon which to found error. The order is in strict conformity with section 102, of Article 16 of the Code. In the imposition of costs, the order does not, in words confine the costs to the costs of the demurrer, but the natural and proper construction of the order, when considered in connection with the section 102, with reference to which it was drawn, would confine the costs allowed to those accruing on the demurrer. The order must be affirmed.

*Order affirmed.*

(Decided 21st December, 1883.)