MAYOR, Etc., OF HAGERSTOWN, et al.,

*vs.*

JOSEPH YOUNG, Sr.,

*Appeals: facts in the record only. Municipal corporations: private property; compensation.*

The Court of Appeals will not consider facts or plats that are not in the record, and whose accuracy is denied by the other side.                                      p. 485

A general demurrer to a whole bill can not be sustained if the relief prayed in any part of the bill is proper.      p. 484

Municipal authorities have no right to take or occupy any part of private property without due compensation therefor.

p. 484

*Decided April 7th, 1915.*

Appeal from the Circuit Court for Washington County. (In Equity.)  (KEEDY, J.)

The facts were stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE, and CONSTABLE, JJ.

*Alexander R. Hagner,* for the appellants.

*Albert J. Long,* for the appellee.

o

BOYD, C. J., delivered the opinion of the Court.

The appellee filed a bill for an injunction against The Mayor and Council of Hagerstown, The Board of Street Commissioners and the Street Superintendent. The prayers of the bill were: (1) That the defendants be enjoined and restrained "from entering upon, digging up or changing the grade of that portion of the complainant's lot of ground which lies in the acute angle" therein described; (2) that they be enjoined and restrained from removing or taking away certain hay scales therein mentioned, or otherwise interfering with the reasonable use of the same by the complainant, and from changing the grade of the ground at the approaches of said scales so as to impair the reasonable use of said scales, and (3) for general relief.

An injunction was granted and the defendants filed a demurrer to the whole bill, in which the only ground given was "That the plaintiff has not stated in his bill such a case as entitled him to any relief in equity against the defendants." The same day a motion for the dissolution of the injunction was made, but no answer to the bill was filed, and as the motion does not appear to have been acted upon it is unnecessary to determine whether the Court could properly have entertained such a motion before an answer was filed, unless a demurrer to the bill had been previously sustained. Without discussing the question, we will simply refer to *Alexander's Chancery Practice,* 85, and Preface, page X, and *Miller's Eq. Proc.* 700. The demurrer was overruled, and the only appeal taken was from the order overruling the demurrer, none being taken from the order granting the injunction.

The appellants' solicitor devoted most of his argument to showing that the hay scales, being, as he claims, in the street, and not shown by the bill to be there by any lawful authority or any right vested in the appellee, can lawfully be removed by the municipal authorities in making the contemplated improvements on Baltimore street, referred to in the bill. The bill does not show by what authority the hay scales were

placed where they are, but we do not feel called upon to pass on the right, if any, of the appellee to maintain those scales, as the order of the Court must be affirmed, regardless of that question.

The bill does sufficiently allege that the defendants are about to dig up and change the grade of a part of complainant's lot, which lies in an acute angle formed by the intersection of Potomac and Baltimore streets, and a sidewalk running along the north side of and adjacent to the building on plaintiff's lot. Apparently a part of that strip is included in plaintiff's deed, and the bill alleges that it is a part of complainant's lot. There is nothing in the bill to show that he or his predecessors had surrendered that part of the lot to the city. If it be a part of his lot, then unquestionably the municipal authorities have no right to take it without his consent or paying him just compensation for it. It may be a small part of the lot, but that does not justify the appellants in taking it.

That is one of the things for which the appellee specifically asked relief, and, so far as the record shows, he was entitled to that relief, regardless of the other question about the hay scales. Inasmuch as the appellants filed a general demurrer to the whole bill, if it was good as to part only, the demurrer must be overruled. *Miller's Eq. Proc.* 173; *Miller* v. *Baltimore Co. Marble Co.,* 52 Md. 642, 646; *Dennison* v. *Yost,* 61 Md. 139, 142; *Moale* v. *Baltimore,* 61 Md. 224, 244; *Brown* v. *Benzinger,* 118 Md. 29, 41; *N. C. Ry. Co.* v. *Oldenburg et al.,* 122 Md. 236. The demurrer was not good as to the part of the bill seeking relief, as to the part of the lot referred to above, and it was therefore properly overruled.

Ordinarily we would be inclined to pass on the rights of the parties to the hay scales, in order to save further litigation, but the bill is very indefinite as to the right, if any, of the plaintiff to maintain the scales at the point where they are located, and, as we are not required by this demurrer, to pass upon that question, it would not be just to him, or to the city, to attempt to determine the question on a record which is so

unsatisfactory as this is. Time and expense might be saved by the defendants filing an answer. The appellants' brief shows that there are a number of facts not mentioned in the bill which their attorney evidently deemed important to have before the Court, for instead of confining the brief to the facts stated in the bill, it contains what purports to be a copy of a part of a map of the city showing the streets in controversy (which is not in the record and is denied by the appellee to be an authorized map), and also a number of alleged facts which do not appear in the record. Such statements in a brief are contrary to the rules and practice of this Court, and of course can not be considered in determining the case, but the fact that they were thus referred to indicates that in the judgment of the solicitor for the appellants the Court could not well have determined the question as to the hay scales on the bill alone. The facts relied on by the defendants could have been presented by filing an answer, and the case could then have been determined on its merits, as suggested in the opinion of the Judge in the lower Court, but inasmuch as that plan was not adopted, we do not feel justified in expressing any opinion as to the rights of the parties in reference to the hay scales, based on what is contained in this record. Of course the sufficiency of the bill for the relief sought as to the hay scales could have been raised by making that a special ground of demurrer. The order of the Court overruling the demurrer must be affirmed and the cause remanded for further proceedings.

> *Order affirmed and cause remanded for further proceedings, the appellants to pay the costs in this Court, and the costs below to abide the final result of the cause.*