BEATRICE DOROTHY LEVIN ET AL. *v.* ADOLPH B. HIRSCHMAN.

[No. 44, October Term, 1929.]

*Decided January 8th, 1930.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, and PARKE, JJ.

*David Ash* and *Louis Hollander,* with whom was *Sigmund Levin* on the brief, for the appellant.

*Frederick H. Hennighausen,* with whom were *Hennighausen & Stein* on the brief, for the appellee.

DIGGES, J., delivered the opinion of the Court.

On July 30th, 1928, the appellee filed in the Circuit Court of Baltimore City a petition, to which the appellant Beatrice Dorothy Levin, assignee, demurred, which demurrer was sustained by the court, with leave to amend. Whereupon the appellee, on January 14th, 1929, filed his amended petition, to which also there was a demurrer filed by the appellants (defendants below), the said appellants, by petition and order of the Circuit Court, being all of the heirs at law of Wolf Levin, deceased; Beatrice Dorothy Levin, assignee, and Beatrice Dorothy Levin, administratrix *d. b. n.* of the estate of Wolf Levin, deceased, having been made parties defendant. On April 17th, 1929, the demurrer to the amended petition was overruled, with leave to answer within ten days from that date. The defendants refused to answer, and appealed from that order. The amended petition alleges that in August, 1917, Dena Levin and Wolf Levin her husband executed a mortgage to the Pearl Street Perpetual Savings & Building Association of Baltimore City on premises known as 1427 West Baltimore Street, in the City of Baltimore, to secure

the payment of $2,392. This property was that of Dena Levin, the wife, a part of which was fee simple, and part was subject to an annual ground rent of $75. That on September 27th, 1917, Dena Levin died, leaving, as her distributees and heirs at law, Wolf Levin, her husband, and children, of whom Beatrice Dorothy Levin is one. That letters of administration on his deceased wife's personal estate were granted to Wolf Levin on October 26th, 1917, the usual notice to creditors given and inventory filed, and on June 11th, 1920, the first administration account was stated, wherein the property No. 1427 W. Baltimore Street was retained by the administrator. That in May, 1924, Wolf Levin and Reba Levin, his second wife, executed a mortgage to the appellee in the sum of $4,500, secured by a number of properties, among which was 1427 W. Baltimore Street, on which mortgage there is now due the sum of $2,000 and accrued interest, and which is secured by the lien on his interest in said property, 1427 W. Baltimore Street. That, Wolf Levin having died without completing the administration of the estate of his first wife, Dena Levin, letters of administration *d. b. n.* on said estate were on October 7th, 1925, granted to Beatrice Dorothy Levin, who since that time has not filed any account as administratrix *d. b. n.* That thereafter, on the 21st of April, 1926, the mortgage of the Pearl Street Building Association was assigned to Beatrice Dorothy Levin for and in consideration of $522.72, the amount then due thereon, which mortgage is that herein being foreclosed. The prayers of the petition are: That the mortgage of the appellee be declared a lien upon the property, 1427 W. Baltimore Street, and on the proceeds of the sale thereof; that the rights of the respective parties to the proceeds of sale of said property be "marshalled"; and for general relief.

The record discloses that the mortgage given by Wolf Levin and Dena Levin, his first wife, on the property 1427 W. Baltimore Street, was assigned to the appellant Beatrice Dorothy Levin in consideration of the payment by her, in her individual capacity, of the sum of $522.72, the balance due and owing on the mortgage; that she, as assignee, foreclosed

the mortgage and sold the property for $4,750. After settling the balance due on the mortgage, and costs, there remained for distribution among the heirs and personal representatives of Dena Levin, or whoever might be legally entitled to any part thereof, the balance of the money derived from the mortgage sale. Before any distribution thereof was made, the appellee filed in the mortgage foreclosure proceedings his petition as above set forth. So that the question presented is, whether or not under such circumstances the equity court has jurisdiction to determine to whom, and in what amounts, the balance of the fund in the hands of the assignee of the Pearl Street Building Association mortgage should be distributed, and make distribution accordingly. The grounds relied on in the demurrer to the petition are multifariousness, and principally, that the petitioner should assert his claim in the orphans' court. We shall not discuss the question of multifariousness further than to say that there is no substantial basis for an objection on this ground.

The demurrer admits the allegation of the petition that a part of the property known as 1427 West Baltimore Street is fee simple and the residue leasehold; and the appellee contends that, for this reason, the demurrer being a general one to the whole petition, if it be found good as to a part of the petition, or in other words, if it be found that the petitioner is entitled to any relief, the demurrer was properly overruled. This contention, we think, is sound, and is the established rule in Maryland. *Miller's Eq. Proc.,* sec. 134, p. 172; *Miller v. Baltimore Marble Co.,* 52 Md. 642; *Dennison v. Yost,* 61 Md. 139; *Hogan v. McMahon,* 115 Md. 195; *Boland v. Ash,* 145 Md. 465. For the reason that this case will be remanded for further proceedings, we prefer not to rest our decision exclusively upon this rule, but will state our views upon the real question in controversy.

The allegations in the petition of the appellee are not as full and specific as they might be, but they are sufficient to indicate with certainty that the property 1427 W. Baltimore Street was that of Dena Levin; that she died intestate, leaving, as her next of kin and heirs at law, a surviving husband,

Wolf Levin, and children; that Wolf Levin was appointed administrator of her estate by the Orphans' Court of Baltimore City, qualifying as such, giving the usual notice to creditors, filing an inventory and a first administration account. It does not appear whether any debts were proved against Dena Levin's estate in the orphans' court, and if so, whether the same have been paid; but, in view of what we shall hereafter say, this is immaterial. Dena Levin having died after the Act of 1916 became effective, the interest or share of her estate to which her surviving husband and her children were entitled was identical, no matter whether the estate consisted of real or personal property. Upon her death, Wolf Levin was entitled, as distributee, after the payment of her debts and costs of administration, to one-third of the personal property, and as heir at law, to one-third of her real estate absolutely; while the children were entitled to the remaining two-thirds in equal proportions. So that at the time he and his second wife, Reba Levin, executed the mortgage to the appellee on the 1427 W. Baltimore Street property, Wolf Levin was the owner, as heir at law of his deceased wife, Dena Levin, of one-third of the fee simple portion of that property, and, as distributee, of one-third of the leasehold interest, after the payment of Dena Levin's debts, and of course subject to the Pearl Street Building Association mortgage. In other words, he was the owner of one-third of the equity of redemption in said property, subject to the right of the creditors of Dena Levin to be first paid out of the equity of redemption of the whole property. The mortgage which was given to the appellee to secure the payment of $4,500 was therefore a lien on whatever interest Wolf Levin had in the said Baltimore Street property. And even if it be admitted, for the sake of the argument, that, in so far as the leasehold portion of this property was concerned, the legal title to the same was in the administrator of Dena Levin and not in Wolf Levin, and for that reason it could not be mortgaged by him, nevertheless, being in a court of equity, the mortgage by him to the appellee must be treated as an equitable assignment of such interest, whether it be technically

such an interest as he could mortgage, or a chose in action which he could assign.

In *Re Bauernschmidt's Estate,* 97 Md. 35, at p. 65, it is said: "Whilst in order to perfect the title of a life tenant to the securities and money not included in her account as executrix, it is necessary that they should pass through a due course of administration; still she had an inchoate title which it was competent for her to assign. *Cecil v. Rose,* 17 Md. 102; *Cecil v. Clarke,* 17 Md. 520; *Rockwell v. Young,* 60 Md. 566." In *McLaughlin v. Magee,* 131 Md. 156, where a creditor of a deceased mortgagor proceeded against the surplus of the mortgage sale in the hands of a trustee, Chief Judge Boyd, speaking for the court, said: "The mere fact that $775 of the proceeds of sales were from leasehold properties could not affect the jurisdiction of the circuit court, which already had jurisdiction over the fund in the hands of the trustee. * * * There could be no valid reason for subjecting the fund, or such part of it as might be held to be personalty, to the commissions of the executor and other expenses of administration, and there is no statute or decision in this state which require that to be done in a case of this kind. The circuit court had jurisdiction over the proceeding to foreclose the mortgage, and it must not only make distribution to the mortgage debt and expenses, but it must see that the excess is properly disposed of. If, then, a creditor goes into that court and makes such allegations as are necessary to sustain a creditor's bill, and sustains them by the necessary proof, there could be no reason for sending him to the orphans' court, especially if there are no funds there."

So in this case, the equity court having assumed jurisdiction in the foreclosure proceeding, and there being a surplus after the extinguishment of the mortgage debt, interest, and costs of foreclosure, there is no valid or logical reason why the same court should not make full and complete distribution of such balance to the parties entitled according to their respective interests; and when a creditor of one of the heirs or distributees comes in by petition and shows by proper proof that he is entitled, by reason of a lien or assignment

thereof, to the portion of such distributee, a court of equity will make distribution according to such proof, and not require that such portion of the proceeds as may be derived from the sale of leasehold property or other personal property be turned over to the administrator, for distribution through the orphans' court, with the additional costs and commissions incident to such a proceeding. Again, in this case the jurisdiction under which the fund now is, namely, a court of equity, is peculiarly adapted to a decision as to the proper parties and the amounts to which they are entitled out of the fund here in controversy.

If it were held that it was necessary to turn over to the administrator of Dena Levin that portion of the balance of the proceeds of sale which represented the leasehold interest, it would in this case present a question difficult of exact ascertainment, because the land is completely covered by one house; and what is the true value of that portion of the building located upon the leasehold portion of the lot, with or without regard to the remaining portion, would have to be determined by expert testimony, or by dividing the frontage of the building, or the number of square feet of the building occupying each class of property, into the balance of the fund now in hand.

We are clearly of the opinion that the equity court has jurisdiction and full and ample power to determine all of the questions necessary to a complete distribution of the fund among those justly entitled. The question of whether there are any creditors of Dena Levin who are entitled to settlement out of this fund, before distribution is made, can be amply provided for by a requirement by the chancellor of publication of such notice as he may deem proper and expedient, warning them to file such claims in these proceedings; and this should be done.

*Order appealed from affirmed, and case remanded for further proceedings in accordance with this opinion, with costs to the appellee.*