## BEATRICE DOROTHY LEVIN et al. v. ADOLPH HIRSCHMANN.

[No. 37, January Term, 1932.]

*Decided April 4th, 1932.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*David Ash,* with whom were *Louis Hollander* and *Sigmund Levin* on the brief, for the appellants.

*Frederick H. Hennighausen,* with whom were *Hennig-hausen & Stein* on the brief, for the appellee.

ADKINS, J., delivered the opinion of the Court.

This case comes up on exceptions to an audit. Dena Levin in her lifetime owned a lot No. 1427 West Baltimore Street, improved by a storeroom and dwelling, partly fee simple and partly leasehold. She died on September 27th, 1917, leaving her husband, Wolf Levin, and several sons and daughters, surviving. The said property was subject to a mortgage to the Pearl Street Savings & Building Association. Wolf Levin took out letters of administration on the estate of his wife. He died on September 17th, 1925, without having completed the settlement of her estate. It appears from the record in this court in a previous case, hereinafter mentioned, that he had filed his first administration account, retaining the said Baltimore Street property. After his death, letters of administration *d. b. n.* on the estate of Dena Levin were issued to her daughter, Beatrice Dorothy Levin. On the petition of the Baltimore Trust Company, executor of Wolf Levin, the Circuit Court of Baltimore City assumed jurisdiction of the administration of his estate, and published a notice to creditors. The administrator *d. b. n.* of Dena Levin filed a claim: "To use and occupation of premises No. 1427 West Baltimore Street, Baltimore, Maryland, from June 1st, 1920, to September 17th, 1925, at $1,800 per year, $9,535." In that claim it was stated that: "Wolf Levin, being administrator of the estate of Dena Levin, used the property No. 1427 West Baltimore Street, Baltimore, Maryland, belonging to the estate of Dena Levin, and used the same for his own business, uses and purposes and failed to pay to the said estate or account therefor for the use and occupation thereof." It appears from the audit filed December 13th, 1928, that the estate of Wolf Levin paid 54.891,877 per cent. on the claims filed; and item No. 34 of said audit shows:

"34. Levin, Estate of Dena Levin.
"Beatrice Levin, Admr., $9,535.00—$5,233.94."

Objections were filed by several creditors to this allowance, but the audit was ratified and there was no appeal.

On May 20th, 1924, Wolf Levin and his second wife, Reba Levin, executed a second mortgage to Adolph B. Hirschmann, the appellee, to secure a loan in which they pledged with other lots as security for said loan "all the right, title and interest Wolf Levin may now have or may hereafter have in the properties and lots known as No. 1427 W. Baltimore Street * * *." After her appointment as administratrix *d. b. n.* of the estate of Dena Levin, Beatrice took an assignment of the first mortgage on said Baltimore Street property, and on July 3rd, 1928, proceeded to foreclose said mortgage in the Circuit Court of Baltimore City. Adolph B. Hirschmann filed a petition and an amended petition in said foreclosure case asking that his second mortgage be declared a lien on said property and the proceeds thereof; that the rights of the respective parties in the proceeds of sale thereof be marshaled; and for general relief. In March, 1929, he filed a petition asking that Beatrice Levin, administratrix *d. b. n.* of the estate of Dena Levin, and Beatrice Levin and the other children of Dena Levin, be made parties defendant, and the said parties defendant demurred to the amended petition of Hirschmann, which was overruled, and on appeal the order appealed from was affirmed in the case of *Levin v. Hirschmann*, 158 Md. 162, 148 A. 228. After the remand defendants filed an answer wherein they deny that Hirschmann's mortgage is or was a lien on said Baltimore Street property; call attention to the fact appearing on the face of this petition that six properties are included in said mortgage, and that the petition sets forth no reason why the amount claimed by the petitioner should not be made out of the other properties; allege that Wolf Levin was indebted to the estate of Dena Levin in a sum larger than his distributive share of said estate, and that the administratrix is entitled to set off any claim due unto the estate against said distributive share. The record, prepared according to the instructions of appellants' solicitors, gives no information as to the proceedings following the filing of the answer except (1) the purport of the

auditor's report filed on May 18th, 1931, in the foreclosure proceeding, which is the subject of this appeal; (2) the exceptions to the audit; (3) the testimony taken therein and the exhibits filed at said hearing, which were (a) an extract from the audit in the matter of the estate of Wolf Levin, (b) exceptions filed by certain creditors to said audit, (c) copy of claims filed by administrator of Dena Levin against Wolf Levin; (4) final order of ratification of audit; (5) opinion of court; (6) order for appeal.

The abstract in the record from the audit of May 18th, 1931, is as follows: "This is an auditor's report and account in the case at bar wherein the trustee is charged with certain named items and credited with other items named as per 'statement filed the 8th day of August, 1928, and interest thereon.' There is left a net balance of $2,895.33 which is distributed among the persons allegedly 'appearing entitled, as shown by the papers and proofs filed in the case.' " The distribution above referred to shows: "Amount of the share of Wolf Levin, surviving husband of Dena Levin, deceased, being one-third thereof equal $965.11 'and which is awarded Adolph B. Hirschmann on account of his mortgage of $2,-000.00 and accrued interest thereon,' $965.11. The balance of said estate of Dena Levin being distributed to the children of said Dena Levin and to James A. Young, clerk of the Court of Appeals, for costs as deducted above."

As this is an audit of the proceeds of the mortgage sale, presumably the balance referred to above was after allowing the costs of the foreclosure and the first mortgage claim.

The sole ground of exception to the audit, as stated in the written exceptions filed, is that Wolf Levin was indebted to the estate of Dena Levin in a sum far in excess of the amount allowed in the audit as his share of her estate. On the hearing of the exceptions the only testimony offered was proof that the balance shown to be due the estate of Dena Levin by the audit of the Wolf estate had not been paid, together with exhibits hereinbefore referred to.

It is contended by appellee that, by entering into possession of the Baltimore Street property, Wolf Levin as admin-

istrator of the estate of Dena Levin assented to the delivery of said property to her distributees, of whom he was one, and thereby made distribution of the same, and therefore the administrator *d. b. n.* had no right to any income from said property, it no longer belonging to said estate, it being presumed after so long a time that the debts, if any, had been paid, and that only the distributees were interested. This argument finds support in the cases of *Allender, Admr. d. b. n. of Wyse, v. Riston,* 2 G. & J. 86, and *Ridenour et al. v. Keller,* 2 Gill, 134. At any rate, the appellants here do not stand in a very favorable light. They permitted their father to occupy this property, for five years, from 1920 to 1925, up to the time of his death, without demanding a final settlement of their mother's estate, although about eight years had expired since her death, and raise the question for the first time when they can do so without inconvenience to the family, and endeavor to have one who dealt with their father on the faith of his possession pay for his alleged dereliction. He had no right to occupy this property as administrator, for his own purposes. Apparently he did not do so until two years after it was his duty to have settled the estate. After that lapse of time it should be a fair presumption that he was taking it on behalf of himself and his children as the sole distributees. But it is not necessary to decide that question. On the appellants' own theory, that he was renting the property and should be required to pay for its use and occupation, his indebtedness to the estate of Dena Levin up to the date of the mortgage to the appellee, May 20th, 1924, has been settled by the amount it received in the settlement of his estate. A simple calculation shows that the rent from June 1st, 1920, to May 20th, 1924, at $1,800 a year, was $7,150, of which he was entitled to one-third, or $2,383.33, leaving a balance due of $4,766.67. And in the audit of the estate of Wolf Levin there was distributed to the estate of Dena Levin $5,233.94, or an overpayment of $467.27, as of May 20th, 1924.

As between the children of Dena Levin and her husband's estate an adjustment was easily possible in the orphans' court

in the distribution of the amount awarded to her estate. We do not agree with the contention of appellants that the finding in the audit in the matter of Wolf Levin's estate is *res adjudicata* as to appellee. He was not a party to that proceeding and is not bound by it. *Johnson v. Stockham*, 89 Md. 368, 43 A. 943; *Pfeaff v. Jones*, 50 Md. 263, 270. Notice having been given to creditors, as a creditor he was bound as to the assets distributed, but not otherwise.

Nor do we agree with the contention that appellee took the mortgage of Wolf Levin's interest in the Baltimore Street property subject to any indebtedness to the estate that might be incurred by the mortgagor after the date of the mortgage. We held in the former appeal in this case that, at the time this mortgage was executed, Wolf Levin was the owner, as heir at law of his deceased wife, Dena Levin, of one-third of the fee simple portion of the Baltimore Street property, and as distributee, of one-third of the leasehold interest, after the payment of her debts, and subject to the first mortgage; that the mortgage to the appellee was a lien on whatever interest Wolf Levin had in said property. In taking the interest of the mortgagor, it may be conceded, for the sake of the argument, the mortgagee took it subject to any debt that the mortgagor had then incurred to the estate. But after assigning his interest the mortgagor could no more affect that interest than he could affect the interest of any other distributee by his conduct. After the date of the mortgage, his rights as distributee were subject to the mortgage. We do not find anything in the cases cited by appellants inconsistent with this view, certainly not in the Maryland cases. It therefore follows that anything which may have become due the estate of Dena Levin for use and occupation of said property after the date of said mortgage was not chargeable as against the appellee.

*Order affirmed, with costs to appellee.*