The parties here are husband and wife. They lived together until 1944, when the wife left the husband, taking with her some of the household effects. She attempted to take some others, but was prevented by the husband. She at about that time brought an unsuccessful suit against him for divorce. She sues for the articles withheld, and he counter-claims for the things she took.
She claims that she has a half interest in the articles since she was working and furnished a large part of the money which paid for them. Defendant's denials of many of the details of complainant's testimony are not convincing, and I find she has established her case.
Defendant further contends that in any event, complainant cannot recover, since she comes into court with unclean hands. There was some evidence that she was interested in another man at the time of the separation, and certainly she had no legal justification for her abandonment of her husband.
This contention is unsound. Property rights, if once established, are not forfeited by subsequent misconduct, having nothing to do with the creation of the right. In Neubeck v.Neubeck, 94 N.J. Eq. 167, it was held that even open and confessed adultery by a wife did not bar her from an accounting on real estate held by her and her husband jointly. The court says (at p. 171), "Certainly the doctrine has no application in the present case because there is no connection between the lawful acquisition of the property rights of the wife and her subsequent misconduct. * * * The unclean hands doctrine is applicable only to cases where the particular claim is tied up to inequitable conduct as an element of its creation."
I accordingly find that the complainant is entitled to a half interest in the articles in question. I recommend that the parties, through their respective solicitors, agree on an amicable and fair division of the items. If they cannot do so, the matter will be sent to a special master for a report on the value of the various articles. *Page 385