### KATHLEEN FRANCES ELKO *v.* MICHAEL CHARLES ELKO

[No. 4, October Term, 1946.]

162

*Decided October 30, 1946.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Irving B. Grandberg* for the appellant.

*Alfred E. Walker* and *Lawrence B. Scally* for the appellee.

COLLINS, J., delivered the opinion of the Court.

Some time previous to October 25, 1945, Kathleen Frances Elko, appellant here, filed a bill of complaint against her husband, Dr. Michael C. Elko, appellee here, a chiropractor, for permanent alimony. Subsequently, the appellee filed a cross-bill seeking a divorce from his wife, the appellant here, on alleged grounds of desertion. The appellee, on October 22, 1945, dismissed his cross-bill for divorce and on October 25, 1945, the chancellor signed a decree dismissing the appellant's bill of complaint for permanent alimony. The chancellor, Judge Sherbow, in dismissing the wife's bill in that case, said in the memorandum, filed as exhibit in the instant case, that he found no abandonment on the part of the husband nor was he able to find that there had been an actual abandonment by the wife of the husband. He further said in that memorandum that he thought some of the husband's conduct had been improper but this did not excuse the wife and that her place was beside him in Baltimore and not in New York where she was living at the time.

On December 18, 1945, the appellant here filed an amended bill of complaint against the appellee here stating that the parties to the suit owned, as tenants by the entireties, the leasehold property at 418 East North Avenue, Baltimore, Maryland. This property contained three apartments, the one on the first floor having been converted and used and occupied as a chiropractic office by the appellee. The remaining two apartments on the second and third floors in this building had been rented to third persons by the appellee and he had collected the rents therefrom.

She further alleges, in the bill now before this Court, that the appellee promised to convey to her to hold with him as tenants by the entireties the leasehold property known as 416 East North Avenue, in Baltimore, this property having been acquired by the appellee prior to his marriage to the appellant. As a result of this promise she joined with the appellee in the execution of a mort-

gage of $2,000 on that property. She complains that the appellee still owns this property in his name alone and has not put this property in the names of the appellant and appellee as tenants by the entireties as he promised. This property at 416 East North Avenue contains three complete apartments from which the appellee is collecting the rents.

In the instant case she asks that a receiver be appointed to take charge of both properties; that the appellee account for all rentals received by him in connection with these properties; that the appellee refund to her $350 which she advanced from her own resources to purchase the property at 418 East North Avenue, which sum the appellee expressly promised to repay to her, which he has not done. She also asks that the agreement to convey the property known as 416 East North Avenue be specifically enforced; that the rentals in possession of the appellee be impressed with a trust in favor of the appellee and appellant as tenants by the entireties; that the appellee be restrained from disposing of any interest in the aforesaid properties, including the income therefrom. She also asks for other and further relief.

A demurrer is filed to this amended bill of complaint by the appellee, which states that the parties are husband and wife and the amended bill of complaint fails to show that the separation of the parties is a result of the misconduct of appellee; that the bill of complaint shows that a portion of the property is occupied by the appellee and that occupancy of the property by the appellant has not been withheld or refused; and that the separation of the parties has been adjudicated by subsisting decree of the court to be the voluntary act of the appellant. The chancellor, Judge Niles, on March 6, 1946, by decree sustained the demurrer and dismissed the bill of complaint without leave to amend. From that decree the appellant appeals.

In the memorandum, filed with the decree here appealed from, Judge Niles states that Judge Sherbow, the chancellor in the former case, had already found that

the husband did not abandon the wife and, if the physical separation exists, it was therefore the wife's fault. He further states that under the principles set forth in the case of *Collier v. Collier*, 182 Md. 82, 32 A. 2d 469, there are no facts justifying the relief prayed.

In reference to the prayers for specific performance of the agreement to convey the property known as 416 East North Avenue and for the refund of $350 allegedly paid by the wife in the purchase of property known as 418 East North Avenue, as these points were not mentioned in the appellant's brief or in the opinion of the court below, they are not before us here on demurrer. Rule 9 of the Court of Appeals. In the argument in this Court the solicitor for appellant stated that she does not ask for any rent from the apartment occupied by her husband and used as a chiropractic office, nor does the appellant ask for the right to live in that apartment. We are therefore not passing upon the rights of either party to occupy that apartment without accounting to the other for rent.

On demurrer the question before us is therefore whether the wife, the appellant, under the allegations of the bill, if proven, is entitled to one-half of the net rents received from the two apartments rented in the property known as 418 East North Avenue, owned by the parties hereto as tenants by the entireties.

Chief Judge Boyd in the case of *Masterman v. Masterman*, 129 Md. 167, 98 A. 537, thoroughly discussed the history of tenancy by the entireties and the changes from the common law affected by the married women's property acts. In that case property was held by the husband and wife as tenants by the entireties. The husband had left the wife and while she was residing in the house, being insured, that house was injured by fire. The wife filed a bill alleging these facts and that the house could be repaired and saved by the insurance money if promptly done, and that the husband refused to apply his share of the insurance for the repairs. The wife asked for the appointment of a receiver so as to apply

the insurance money and make the repairs. On demurrer this Court held in that case that the bill stated facts, which, if sustained, justified an equity court in assuming jurisdiction and requiring the defendant to answer and, if necessary, to appoint a receiver.

In the case of *Brell v. Brell*, 143 Md. 443, 122 A. 635, a mortgaged farm was owned by the husband and wife as tenants by the entireties. The court there held in a suit involving the ownership of the funds received from the sale of the farm, that a trustee should be appointed to receive the fund invested under an order of court and one-half of the net income therefrom should be paid to each party until the death of one of them, and that the corpus be paid to the survivor unless it had been previously distributed by agreement of the parties.

In the case of *Whitelock v. Whitelock*, 156 Md. 115, 143 A. 712, a mortgage was owned by husband and wife as tenants by the entireties. Judge Sloan said in that case, 156 Md. at pages 122 and 123, 143 A. at page 715, "At common law, the appellant, by virtue of his control of the wife's property, would have been entitled to all of the income. As affected by statute, however, from time to time, the control of the husband over the wife's property has changed, until now, under the Married Women's Property Acts, * * * in this state the wife shares equally with the husband in the income from a tenancy by the entireties. The authority for this statement is *Masterman v. Masterman*, 129 Md. 167, 98 A. 537, in which the history of tenancy by the entireties, with the changes wrought by statute in the respective rights of husband and wife therein, has been so exhaustively treated in the opinion of Chief Judge Boyd that a discussion of the subject here would involve nothing but needless repetition."

In the case of *Annapolis Banking and Trust Company v. Neilson*, 164 Md. 8, 164 A. 157, it was held that where property is held by husband and wife as tenants by the entireties, the husband's interest in the rent accruing therefrom was not subject to attachment for his debts,

and the rents and profits are not to be considered as separate and apart from the estate out of which they issue.

The opinion in the case of *Collier v. Collier*, 182 Md. 82, 32 A. 2d 469, involved two cases, one, seeking among other things, a divorce *a mensa et thoro* for the wife from the husband, and the appointment of a receiver to conduct and sell a business alleged to be conducted as a partnership and to sell property held by the entireties. The other case prayed the appointment of a receiver to collect rents arising from real estate held as tenants by the entireties, the appointment of a receiver to operate the business, and an accounting. This Court held in these cases under the evidence that the business was not a partnership affair but was the sole business and concern of the husband. This Court further held, under the evidence, that by the wife's conduct, she had alienated her husband, her daughter, and probably her son and had brought all this on herself by her own bad conduct. As to the real estate held as tenants by the entireties this Court in the opinion by Judge Grason cited with approval the cases of Masterman v. Masterman, Brell v. Brell, Whitelock v. Whitelock and Annapolis Banking and Trust Company v. Neilson, all hereinbefore discussed. With regard to the property owned as tenants by the entireties and used as a home for the family, this Court held that the wife was not deprived of its use, but her own conduct and turbulent behavior in physically assaulting her husband had brought about a separation. As to the business property owned as tenants by the entireties, and occupied by the husband as a business property, this Court held in view of the wife's conduct that no relief should be given her in that case. It was further pointed out that equity courts in divorce cases have no power, unless expressly conferred by a statute, to transfer the property of either spouse to the other or otherwise to dispose of it. *Hall v. Hall*, 180 Md. 353, 355, 24 A. 2d 415; Code, 1939, Art. 16, Sec. 41.

In the case now before this Court the wife is not claiming any rents from the apartment occupied by her husband and where he does business, as was claimed in the case of *Collier v. Collier, supra,* and therefore the question as to whether she should receive rent for that apartment, as hereinbefore stated, is not before this Court and we are not passing upon it here. Compare, *Nicodemus v. Nicodemus,* 186 Md. 659, 48 A. 2d 442, 446, 447; *Neubeck v. Neubeck,* 94 N. J. Eq. 167, 119 A. 26, 27 A. L. R. 172; *Lukaszewicz v. Lukaszewicz,* 137 N. J. Eq. 373, 44 A. 2d 906, decided December 28, 1945. From the allegations of the bill, the facts to be established, and under the authorities hereinbefore cited, which state that the wife shares equally with the husband in the income from property held as tenants by the entirties, this Court is of opinion that the appellant should share equally with her husband in the net income from the two apartments in question in the property at No. 418 East North Avenue. Regardless of the other questions involved in the case, which are not before us at this time, as the demurrer is to the whole bill, it should be overruled and the case remanded for further proceedings. *Levin v. Hirschman,* 158 Md. 162, 165, 148 A. 228; *Atlantic Lumber Corp. v. Waxman,* 162 Md. 191, 194, 159 A. 593.

*Decree reversed with costs, and case remanded for further proceedings.*