[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 581 
Various questions for decision at this stage of the proceedings in this cause are raised by motion and countermotion.
First: the motion of plaintiff, Frederick Meisler, to strike interrogatories served by defendant, Anna Beckmann Meisler, upon plaintiff. It is clear that the rules of this court are designed and intended to facilitate the just and speedy disposition of litigation. As has been said a court is no longer "a stadium for the conduct of a game" but rather "a forum for the final determination of the ultimate truth." Schwartz v. Public ServiceCo-Ordinated Transport Co., 64 A.2d 477 (Essex Co. Ct.
1949). To this end procedures are provided whereby a party can be informed of the details of his opponent's case. However, it is equally apparent that such procedures may not be used in a way which prevents their very purpose. Such procedural devices can not be allowed to serve as hindrances to the judicial process. An examination of the voluminous file in this cause reveals that plaintiff has already furnished a bill of particulars, has answered defendant's requests for admissions, and that both defendant's motions — one, for a more definite statement, and the other, for more responsive admissions — have been denied. I conclude that plaintiff's admissions and bill of particulars have served, within the spirit of the rules, to furnish defendant with the information needed and sought. The interrogatories now propounded would serve no purpose other than to delay further this already extended litigation, and I therefore grant plaintiff's motion to strike them.
Secondly: defendant has moved for summary judgment upon various facets of this case which are discussed below: Plaintiff's amended complaint against which summary *Page 582 
judgment is sought contains three causes of action. To state that the first is for divorce upon the ground of adultery, denied by defendant, is sufficient to reveal that an issue of material fact exists preventing summary judgment. It may be noted, in passing, that motions by counsel on such an issue serve only to waste the court's time.
The second cause of action is for the return of $6,000 alleged to be the property of plaintiff and wrongfully and improperly retained by defendant. It is alleged and reiterated by affidavit that defendant wrongfully took possession of $11,000 belonging to plaintiff and kept in a safe deposit box to which defendant had access, and that she later returned $5,000 leaving a balance due of $6,000. Defendant denies taking the sum in question, and, on the contrary, alleges by way of counterclaim that the money in the box belonged to her and that the delivery by her to plaintiff of $5,000 was conditioned upon the obtaining by her of a divorce which condition has been rendered impossible of performance by the institution of plaintiff's suit. Here, too, it is evident that material facts are in issue and that summary judgment cannot be granted.
Plaintiff's third cause of action concerns five certificates of shares of the Oritani Building and Loan Association, Hackensack, New Jersey, of the value of $5,000. He alleges and reiterates by affidavit that these certificates of shares are his property and that they were deposited in trust for him with defendant, Plympton. Defendant, on the other hand, claims that the certificates of shares belong to her; that they, along with the deed to certain realty in Hackettstown, also her property, and a rental agreement for realty in Hackensack, held by plaintiff and defendant as tenants by the entirety, were delivered to defendant, Plympton, to be held by him pursuant to the terms of an escrow agreement. This agreement defendant contends, is void as against public policy as it intended to facilitate a divorce, and that if it is not void per se defendant was induced to enter into it by fraud, that it has been breached by the institution of suit for divorce by plaintiff and, in any event, that plaintiff's third cause of *Page 583 
action is prematurely brought since the condition contemplated by the agreement to terminate the escrow, i.e., obtaining of divorce by defendant, has not occurred. In urging these arguments counsel assumes that the property in question is held by defendant, Plympton, in escrow, rather than in trust as claimed by plaintiff and that the property in fact belongs to defendant, which is denied by plaintiff. These are essential issues which demand proof and it would be pointless at this time to pass on the effect of an agreement which may not be material. The burden is on the mover for summary judgment to show the clear absence of any genuine issue of fact. Wittlin v. Giacalone,154 Fed.2d 20, 21 (D.C. Cir. 1946). I therefore deny defendant's motion for summary judgment at this time reserving decision as to the questions of law raised until such time, if ever, as they become decisive.
Defendant further moves for summary judgment upon her crossclaim against defendant, Plympton, for the items of property referred to above. Plympton is presently restrained by order of this court from delivering the disputed property to either party. The issues of fact discussed in the preceding paragraph must be disposed of before Plympton can be directed as to the disposition of the property, and defendant's motion is therefore denied at this time.
Defendant further moves for summary judgment upon the seventh cause of action of her counterclaim by which is sought an accounting of the rents of the realty owned by herself and plaintiff as tenants by the entirety. Plaintiff admits in his answer such ownership and that a portion of the premises is rented and that another portion is occupied by himself. It is clear, despite the charge of adultery, that defendant is entitled to an accounting for her share of the rents of said realty.Neubeck v. Neubeck, 94 N.J. Eq. 167 (E. A. 1922);Lukaszewicz v. Lukaszewicz, 137 N.J. Eq. 383 (Ch. 1945). However, no accounting may be ordered at this time for the portion of the premises occupied by the plaintiff, since defendant's charge of extreme cruelty, which would justify her leaving, is disputed. Neubeck v. Neubeck, supra. Accordingly, the plaintiff shall furnish the defendant with *Page 584 
an accounting of the rents and profits of the portion of the premises not occupied by him.
Appropriate orders may be presented in keeping with these findings. Respective attorneys shall submit forms of such orders to opposing attorney for approval.