11 N.J. Super. 272 (1951)
78 A.2d 320
JOAN A. STRECKER, AN INFANT, BY HER GUARDIAN AD LITEM, NEVILLE STRECKER, AND NEVILLE STRECKER AND EDITH STRECKER, INDIVIDUALLY, ET AL., PLAINTIFFS,
v.
JAMES W. DEVINE, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided January 9, 1951.
*273 Mr. George F. Lahey, Jr. (Messrs. Lahey & Gockeler, attorneys), argued for the motion.
Mr. Sidney M. Schreiber (Messrs. McKeown, Schreiber & Lancaster, attorneys), argued for the countermotion.
COLIE, J.S.C.
The plaintiffs in this suit seek damages from the defendant who is charged with the negligent operation of an automobile owned by Zurich Insurance Company. The Zurich is not a defendant.
*274 In preparation for trial, the plaintiffs took the depositions of Raymond J. Walker and Millard Welch, both employees of the Zurich. The examination of deponent, Walker, had not progressed far when he was asked what the conditions were under which Devine, the defendant, was furnished with the automobile. The witness refused to answer on the advice of his personal counsel, his counsel stating the reason for so advising the witness was that the matter sought to be elicited by the question was not relevant to the subject matter of the pending action. Somewhat later the witness was asked whether Devine, the defendant, while in the employ of Zurich and prior to 1950, the date of the accident out of which this suit arose, had any automobile accidents or motor vehicle violations. The questions were objected to (1) as immaterial and (2) because the questions would not be permitted at the trial. The witness was instructed not to answer. Subsequent to the accident out of which the present suit arose, the defendant was interviewed and his statements taken by stenographers. The witness was asked the names of the stenographers but refused to answer on the advice of counsel for the reason that the statement "was an investigation in anticipation of litigation and in preparation for trial." Although under subpoena to bring with him "copies of any and all statements or transcripts of records obtained from James Devine, with respect to the automobile accident in which James Devine was involved on January 27, 1950," the witness, acting upon the advice of his attorney, did not do so.
Rule 3:30-4 providing for termination or limitation of an examination, may be invoked by any party or by a witness under examination but only "* * * upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass or oppress the deponent or party * * *." The defendant, Devine, is not the moving party and there is no showing that he or either of the witnesses, Walker or Welch, would be annoyed, embarrassed or oppressed in answering the questions put to them nor is there anything before the court to suggest that the examination was being conducted in bad faith. Under the *275 circumstances, the motion to terminate or limit the examination is denied.
As to the cross-motion to compel the witnesses to answer or be held in contempt of court, it becomes necessary to examine Rule 3:26-2, dealing with the scope of examination. With the promulgation of Rule 3:26-2 the permissible scope of examination of a witness on depositions was greatly broadened. A witness "may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action * * * including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence." To be particularly noted is the language "relevant to the subject matter involved in the pending action." This is broad language. It does not confine the inquiry to matter relevant to the issues in the pending litigation. The limitation is to matters relevant to the subject matter involved. One of the matters relevant to the subject matter, as distinguished from the issues, in the pending litigation may well be the credibility of a witness whose deposition is being taken. The responses to questions as to prior accidents or prior violations of the Motor Vehicle Act, while not relevant to the issue in the pending suit, i.e., the negligence of Devine, may be relevant to the subject matter in that they may bear upon the credibility of Devine or may furnish material for his later cross-examination. In interpreting Rules 3:26-2 and 3:30-4 regard must be had to the provision of Rule 3:26-2 that "It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence." Ordinarily, relevancy should not be passed upon in advance of trial but rather should await the event of trial.
Bearing in mind that the purpose of the examination of the witnesses, Walker and Welch, is for the purpose of discovery, *276 not necessarily for use in toto at the trial, the questions asked of them are proper and should be answered.
There remains for consideration the question of whether the statements taken from defendant, Devine, fall within the protection of that part of Rule 3:26-2 providing that "The deponent shall not be required to produce or submit for inspection any writing obtained or prepared by the adverse party, his attorney, surety, indemnitor, or agent in anticipation of litigation and in preparation for trial * * *." The adverse parties in the present litigation are the plaintiffs and the defendant. The statements, production of which was sought by subpoena, were not obtained or prepared by any one within the five enumerated categories of adverse party, attorney, surety, indemnitor or agent. Since these are the only categories protected by the rule, it follows that they must be produced or submitted for inspection, if called for by a proper subpoena issued in accordance with Rules 3:45-1 and 2.
An order may be presented in conformity herewith.