17 N.J. Super. 242 (1952)
85 A.2d 821
GEORGE D. THOMAS, PLAINTIFF,
v.
JEANNE M. THOMAS, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided January 9, 1952.
*243 Mr. Leland F. Ferry, attorney for plaintiff (Mr. James Major appearing).
Messrs. Levenson & Levenson, attorneys for defendant (Mr. Abe D. Levenson appearing).
HEGARTY, A.M.
The complaint of plaintiff, George D. Thomas, in his action for divorce, is based on an alleged act of adultery. In her answer defendant, Jeanne M. Thomas, admits the alleged act of adultery, but raises separate and affirmative defenses of connivance, recrimination and lack of jurisdiction in this court.
Defendant seeks to take the deposition of plaintiff; this is opposed by plaintiff essentially on the grounds that no useful purpose will be served by conducting the said examination and that its purpose is to merely harass the plaintiff and that it would violate R.S. 2:97-9 which provides:
"No husband or wife in any action or proceeding for divorce on account of adultery shall be compelled to give evidence for the other, except to prove the fact of marriage."
However, the following rules govern and control the right of the defendant to take the testimony of the plaintiff by deposition upon oral examination:

*244 "Rule 3:26-1. When Depositions May be Taken.
After the commencement of the action, any party may take the testimony of any person, including a party, by deposition upon oral examination or written interrogatories for the purpose of discovery or for use as evidence in the action or for both purposes. * * *.

Rule 3:26-2. Scope of Examination.
* * * the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence. Nor is it ground for objection that the examining party has knowledge of the matters as to which testimony is sought. * * *."
So far as I have been able to determine there is no decided case as to the effect of R.S. 2:97-9 on the general rules governing pre-trial examinations.
Without now deciding to what extent, if any, plaintiff's deposition may be used by defendant at trial, I find that the taking of his deposition is permissible, subject, of course, to the provisions of Rule 3:30-4, and without waiver of plaintiff's right at trial to object to the use of the deposition within the terms of R.S. 2:97-9, and the provisions of Rule 3:26-4. It is clear that defendant may examine plaintiff as to the basis of his complaint, as she will be able to cross-examine him if he testifies; that is so despite her admission of the adultery as charged, in order to protect the interest of the State in the marriage. It is more doubtful, in view of the statute, R.S. 2:97-9, that she may use his deposition at trial in support of her own affirmative defenses. Nevertheless, by taking plaintiff's deposition defendant may be able to discover the identity and location of persons having knowledge of relevant facts and other leads to admissible evidence in support of her affirmative defenses.
In the circumstances I have concluded to advise an order denying plaintiff's application to quash the defendant's notice *245 of taking depositions. This finding is in accordance with the liberal view of the pre-trial deposition procedure adopted by the New Jersey courts: "Liberal procedures for discovery in preparation for trial are essential to any modern judicial system in which the search for truth in aid of justice is paramount and in which concealment and surprise are not to be tolerated." Lang v. Morgan's Home Equipment Corp., 6 N.J. 333, 338 (1951). See also, Strecker v. Devine, 11 N.J. Super. 272, 273, 275 (Law Div. 1951).
Present form of order for advising and signing in conformity with above conclusions after the same has been submitted to attorney for plaintiff for approval.