20 N.J. Super. 554 (1952)
90 A.2d 529
MARGARET MARY BAXTER, PLAINTIFF,
v.
WILLIAM FIRNA BAXTER, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided July 3, 1952.
*555 Mr. Louis C. Friedman, attorney for plaintiff.
Mr. Joseph Schoenholz, attorney for defendant.
HEGARTY, A.M.
Plaintiff, Margaret Mary Baxter, has brought suit against her husband, William Firna Baxter, for absolute divorce on the ground of extreme cruelty. Defendant, in answer, denied the allegations of extreme cruelty. As a separate defense the defendant charges the plaintiff committed an act or acts of adultery with a person whose identity *556 is unknown to the defendant in the period from July 1, 1949 and August 31, 1949, and that since on or about May 1, 1949 he has not had sexual relations with the plaintiff. The defendant further charges that he resided separate and apart from his wife continuously from May 30, 1949 to September 4, 1949. The plaintiff, on April 11, 1950, bore a female child which the defendant denies is his child. By way of counterclaim the defendant seeks an absolute divorce charging plaintiff with the commission of an act or acts of adultery as set forth in the aforesaid separate defense. Plaintiff's reply to answer, separate defense and counterclaim is in denial of the material allegations therein contained.
On March 11, 1952, it was ordered, among other things, at defendant's behest, that defendant's counterclaim be withdrawn and the answer amended in such wise as to add a charge of adultery by the plaintiff pending this suit as well as the charge contained in the counterclaim. The amended answer, filed March 18, 1952, alleges in the separate defense that defendant believes one Edward Aupperlee of Godwin Avenue, Wycoff, New Jersey, is the person who committed the act or acts of adultery with plaintiff as recited therein. The second defense charges plaintiff, some time prior to April 24, 1951 and while this suit was pending, committed adultery with a person or persons unknown to the defendant and defendant's knowledge of said act is derived from the fact that plaintiff, on April 24, 1951, underwent an operation in the Orange Memorial Hospital, Orange, New Jersey, for an incomplete abortion of two month's duration.
Plaintiff's reply to defendant's amended answer is in denial of the material allegations of paternity of the child born on April 11, 1950; the giving of false testimony resulting in defendant's conviction for assault and battery, and the commission of adultery as in the amended answer, separate defense and second defense she is charged.
Defendant now moves summary judgment and dismissal of plaintiff's complaint and relies on the pleadings thus far filed in the cause, certain depositions, and a hospital record. *557 He further charges that plaintiff is guilty of an act of adultery; that plaintiff is in court with unclean hands and is here in bad faith in that her affidavit recites she had recently been confined to a hospital but she did not disclose her pregnancy. The affidavit of the plaintiff's then attorney, Mr. Isadore Klenert, pursuant to Rule 3:84-1, recites that when he called at the plaintiff's home he was shown a child (presumably the child of the marriage) which plaintiff stated resided with her. Actually, defendant contends, the child of the marriage was then being cared for by a family in West Orange, New Jersey and was not at the home of the plaintiff when Mr. Klenert called. Defendant further charges the plaintiff or her attorney should be compelled to stand the cost of taking the depositions, in whole or in part, because of obstructing tactics used by them in the hearing which unnecessarily added to the length of the record and its expense. Defendant seeks, should he be unsuccessful in this application, the right to have blood grouping tests made concerning the child born on April 11, 1950.
Plaintiff filed a counter-motion supported by her affidavit by which application is made for an order vacating the March 11, 1952 order providing for $15 weekly payments instead of $20 weekly payments as theretofore ordered for the support of the child of the marriage, Carolyn Baxter, and awarding physical custody of said child to Frederick Baxter and Gertrude Baxter, uncle and aunt of said child, and that a new order be entered awarding custody of said child to plaintiff and that defendant be required to again pay $20 weekly for the support of said child.
Consideration is now given to the application of the defendant. Obviously issues are raised by the pleadings, and I do not find that they are so far otherwise resolved. Therefore, I conclude, in the circumstances, a charge of adultery is singularly inappropriate for disposition by summary judgment. It can be noted that while the taking of plaintiff's deposition is permissible, as was done in this case, its use thereafter brings it within the provisions of Rules 3:26-4 and *558 3:30-4 and the terms of N.J.S. 2A:81-7 (formerly R.S. 2:97-9). Thomas v. Thomas, 17 N.J. Super. 242 (Ch. Div. 1952). It can also be said, however, the alleged acts of adultery charged by the defendant, and denied by the plaintiff, is sufficient to reveal that an issue of material fact exists preventing summary judgment. Meisler v. Meisler, 4 N.J. Super. 579, 582 (Ch. Div. 1949). In the light of the foregoing I shall advise an order denying all aspects of defendant's application.
The plaintiff's application is for vacation of the existing order concerning custody of the child and reduced amount of support for the child. Plaintiff also seeks a new order awarding to her the custody of the child and increasing the present order of support from $15 weekly to $20 weekly. After due consideration, I find and conclude that the plaintiff's application be denied. I shall advise an order dismissing the plaintiff's application. However, I shall advise an order awarding the custody of the child, Carolyn Baxter, to the defendant until final hearing of the cause or until further order of this court with reasonable rights of visitation to be accorded the plaintiff. The child shall continue to live in the home of her uncle and aunt, Frederick Baxter and Gertrude Baxter.
On April 25, 1952 this court determined that the sum of $285.72 is due from defendant, for the board and lodging of the child, Carolyn, to Children's Aid and Adoption Society of Orange, New Jersey, at the rate of $10 a week, and that a further sum of $79.28 is due to the plaintiff. The direction to the defendant to pay these two items has not been incorporated in any order of court and I find that the said items should be included in an appropriate order dealing with all of the above findings.
Present order after the same has been submitted to opposing counsel for approval.