# HOWARD v. HOWARD

[No. 505, September Term, 1965.]

*Decided January 11, 1967.*

The cause was argued before HAMMOND, C. J., and HORNEY, MARBURY, BARNES and McWILLIAMS, JJ.

*Eugene Wm. Pierelli* for appellant.

*Johnson Bowie* for appellee.

McWILLIAMS, J., delivered the opinion of the Court.

This case requires us to deal with a narrow question arising, for the first time, out of that ancient, "amiable fiction," [1] the tenancy by the entireties. In her bill of complaint appellant (Hannah) alleges that she and appellee (Albert) own, by the

---

1. So characterized by Mr. Justice Sutherland in *Tyler v. United States,* 281 U. S. 497 (1930).

entireties, a two story building on the first floor of which Albert, to the exclusion of Hannah, conducts a profitable bar and restaurant business. Although they still live together in the apartment on the second floor the days of wine and roses have fled and the marital ties are faint and fretful. Albert, she says, "is enjoying a grossly disproportionate share of the fruits of the property" and he has rejected her demands for "her share of the fair rental value" of the first floor. Judge Raine sustained Albert's demurrer without leave to amend. He thought it "interesting and * * * amazing that the Court of Appeals has never really come to grips with this problem." It is, to be sure, interesting and perhaps "amazing," nevertheless our consideration of Hannah's appeal must be circumscribed by the stark, meagre facts set forth above.

Hannah relies on *Columbia Carbon Co. v. Kight*, 207 Md. 203, 114 A. 2d 28 (1955), *Elko v. Elko*, 187 Md. 161, 49 A. 2d 441 (1946) and *Collier v. Collier*, 182 Md. 82, 32 A. 2d 469 (1943). Albert elects to stand on *Collier* and *Brown v. Brown*, 204 Md. 197, 103 A. 2d 856 (1954).

In *Columbia Carbon*, Judge Delaplaine, in the course of his historical review of tenancies by the entireties, said:

> "It has accordingly been held by this Court since the enactment of those Acts [Married Women's Property Acts, Code, Art. 45] that the wife shares equally with the husband in the income from a tenancy by the entireties." [Citing *Collier, Elko, Brown* and *Whitelock v. Whitelock*, 156 Md. 115, 143 Atl. 712 (1928).] *Id.* at 209.

*Brown* presented a similar situation. Judge Delaplaine there said "it is the law in this State that the wife shares equally with the husband in the income from property held by them as tenants by the entireties", citing *Whitelock, Collier* and *Elko*.

In *Elko*, Judge Collins, who spoke for the Court, said:

> "From the allegations of the bill, the facts to be established, and under the authorities hereinbefore cited, which state that the wife shares equally with the husband in the income from property held as tenants by

the entireties, this Court is of opinion that the appellant should share equally with her husband in the net income from the two apartments in question in the property at No. 418 East North Avenue." *Id.* at 168.

Although the Court, in *Collier,* quoted with approval statements from earlier cases to the effect that the wife shares equally with the husband in the income from a tenancy by the entireties the chancellor's refusal, because of the wife's outrageous conduct, to appoint a receiver to collect rents from a business property, so owned, was affirmed.

A superficial reading of the four cases just mentioned might lead one to conclude that they provide some support for Hannah's contention. Close study reveals, however, that in none of them were the parties living together. In *Columbia Carbon* the parties were divorced. *Brown* is essentially a suit for separate maintenance. The *Elko*(s) were living separate and apart when she filed her suit. The *Collier*(s) had been quarreling for years and they were embroiled in divorce proceedings when the bill for the appointment of a receiver was filed.

Realty as such was not involved in *Whitelock.* There the wife refused to join in a conveyance of the husband's land unless properly compensated. To obtain her signature the husband was obliged to arrange for both himself and his wife to be named as mortgagees in the purchase money mortgage wherein they were described as tenants by the entireties. When the mortgagor tendered the amount due on the mortgage the wife refused to sign the release unless she received half of the principal balance. The chancellor appointed trustees to release the mortgage, to receive and hold the principal, to pay half of the income to the husband and half to the wife and upon the death of either to pay the balance to the survivor. In his opinion affirming the action of the chancellor, Judge Sloan, for this Court, said that "in this state the wife shares equally with the husband in the income from a tenancy by the entireties." It must not be supposed, however, that Judge Sloan's casual remark has significance other than in the context of the Court's decision which, in our judgment, is inapposite to the case at bar.

The most recent restatement of the rule that a wife is en-

titled to half of the income from property held by the entireties will be found in *Wardrop v. Wardrop*, 211 Md. 14, 124 A. 2d 576 (1956). In that case the wife, living separate and apart from her husband, filed a bill for a divorce *a vinculo*. Her prayer for relief sought half of the income and an accounting by the husband as to properties held by the entireties. The chancellor declared her to be entitled to half the income from the properties but he denied her prayer for an accounting of rents collected prior to the suit. We affirmed the chancellor but we emphasize that, here again, the parties were separated.

No useful purpose would be served by a review of the many decisions of this Court and the courts of other jurisdictions dealing with related problems arising out of tenancies by the entireties. It suffices to say that no case has been brought to our attention, nor are we aware of any, in Maryland or elsewhere, which holds that the wife, not separated from the husband, is entitled to receive half of the fair rental value of realty held by the entireties, a part of which is used exclusively by him in connection with his business and another part of which is used as their living quarters and our holding in the case at bar goes no further.

Although Judge Raine, in his opinion, remarked that counsel told him Albert "has maintained a suit for divorce against Hannah," that, even if true, is a fact which was not a part of the case before him and, of course, it is not before us. We need not, therefore, speculate on what the nature and extent of Hannah's rights may be, in respect of the property held by the entireties, if and when they begin to live separate and apart or become divorced, either *a mensa* or *a vinculo*. That is for another day and, very likely, the question will arise in circumstances presently beyond our ken.

*Order affirmed.*

*Costs to be paid by appellant.*