## POWERS *v.* MALACH

[No. 68, October Term, 1951.]

*Decided January 11, 1952.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*James B. Lyons, Jr.,* for the appellant.

*Preston A. Pairo* for the appellee.

MARKELL, J., delivered the opinion of the Court.

This is an appeal by a wife from a judgment against husband and wife for electrical wiring done in two apartment houses on Winston Avenue and a house on Fair Oaks Avenue, which were build on land owned by husband and wife as tenants by the entireties. The case was tried before the court without a jury.

Suit was brought, on the common count for work and materials, for the balance due of the contract price for the Winston Avenue work and for extra work over and above the Fair Oaks contract price. The contracts were in the form of written estimates addressed by plaintiff to "Powers Construction Company". The Winston Avenue contract was dated August 13, 1947 and was "Accepted by Powers Construction Company, Earl W. Powers." The other contract was dated September 1, 1949 and seems to bear the initials "E. W. P.". Four checks for part payments on the Winston Avenue contract were signed, three "Powers Construction Co., Earl W. Powers, Treas.", one "Belvedere Realty Co., Earl W. Powers". One check for part payment on the other contract was signed "Earl W. Powers". A check or checks for $950 paid on the first contract, and one for a payment on the second contract, are not in the record.

Powers testified that for at least twenty years he had built on properties owned by him and his wife as tenants by the entireties, and in selling such properties his wife had joined in the deeds. Powers Construction Company was a corporation, but its charter was forfeited on October 25, 1945. There is no evidence as to the relations, if any, between Mrs. Powers and the corporation before its charter was forfeited.

Plaintiff testified that both contracts were accepted by Powers Construction Company, by Earl W. Powers; Mrs. Powers was present, not all the time, in Power's office in one of the new buildings on Winston Avenue; plaintiff asked her for money; several times, in 1949 or 1950, she told him she would pay; he asked her for money in her own house; "Mrs. Powers knew Mr. Powers owed the money, and I asked her for it"; after the job was completed he asked Mr. and Mrs. Powers for payments; they said they would pay him; Mrs. Powers was present when the Winston Avenue contract was signed; some checks for payment on account, Powers Construction Company checks, were signed by Mrs. Powers; either Mr. Powers or Mrs. Powers gave plaintiff orders with respect to the work on each of these jobs. The nature of any such orders does not appear. Powers and his wife denied that he had, or professed to have, authority to act as her agent or that she had anything to do with his business.

The court asked Mrs. Powers, "* * * it never occurred to you to question your husband's authority in dealing with any of the properties you owned jointly with him, did it?" She answered, "No." In rendering its verdict the court said, "The testimony here indicates that Mr. and Mrs. Powers have made a practice of carrying their properties in their joint names, and those properties from time to time have been improved by construction work, which was carried on by Mr. Powers with the assent of Mrs. Powers. When the properties were sold, after they were improved, Mrs. Powers got the benefit of the worth of the improvements which were made on

the properties. I conclude, under the circumstances, that Mr. Powers was acting as the agent of Mrs. Powers when he employed Mr. Malach, so I will give judgment in favor of the plaintiff for $545.18."

To some it may seem unfair for a wife to see work done on her property and not be required to pay for it. But if the equitable doctrine of betterments or the admiralty law of maritime liens is to be transplanted into the field of ordinary construction contracts with a husband or wife, this must be done by the legislature. Too often and too recently this court has held that the relationship of husband and wife, with knowledge by her of his intention to make improvements on her property and failure on her part to object, does not make him her agent in making the improvements and does not amount to a holding out which creates an agency by estoppel. *Twilley v. Bromley*, 192 Md. 465, 470-472, 64 A. 2d 553; *Blenard v. Blenard*, 185 Md. 548, 558, 45 A. 2d 335; *Adkins & Douglas Co. v. Webb*, 160 Md. 571, 577, 154 A. 259; *Kvedera v. Mondravitzky*, 145 Md. 260, 263, 125 A. 591. Emancipation of the wife from the husband's common law dominion might be appreciably undone if he, as such, were made her general agent.

In cases such as the instant case the ultimate question is whether the evidence shows either actual agency or agency by estoppel. Plaintiff admits that there is no direct evidence but contends that the evidence above mentioned justifies such an inference. We find no basis for such an inference. Mrs. Powers was not a bookkeeper or clerk for her husband. If a bookkeeper or clerk had said and done what Mrs. Powers is said to have said and done, this might indicate that for certain purposes she was her employer's agent, not that he was hers. If a bookkeeper tells a dunning creditor of her employer that she will pay him, this hardly means that she will pay out of her own money. Plaintiff seems to recognize this; he says, "Mrs. Powers knew Mr. Powers [not Mrs. Powers] owed me money, and I asked her for it." There was no holding out by Mrs. Powers,

**114**

no action in her name by Powers. As he had no authority to act for her and asserted none, there was no occasion for her to "question his authority". We may add that, if "after the job was completed" Mrs. Powers for herself had promised to pay, such a promise would have been without consideration and unenforceable—to say nothing of the Statute of Frauds.

We think the decision of the trial court and the stated reasons for that decision are not in accord with the decisions of this court.

*Judgment revered, with costs.*