## MARTIN KVEDERA et al. *vs.* MATIUS MONDRAVITZKY.

*Husband as Wife's Agent—Contract for Improvements—Evidence of Ratification—Instructions—Evidence.*

The wife's liability upon a contract made by her husband, for improvements or repairs on her property, depends on the question of agency, his acts binding her if he acts with her authority, either expressly or impliedly conferred on him, and his unauthorized acts as her agent becoming so binding by reason of her subsequent ratification thereof.          pp. 263, 264

On an issue as to a wife's liability for improvements on property held by her and her husband as tenants by the entireties, under a contract with the plaintiff executed by the husband in his own name, evidence that she made such payments as were made for the work done by plaintiff, that she took an active interest in the work, and on one or more occasions was present at discussions between plaintiff and her husband and expressed herself freely and positively as to plaintiff's failures and omissions in the performance of the contract, that she read a preliminary contract, and knew of the later formal contract, *held* sufficient to go to the jury, as tending to show ratification, if not authorization, of the contract made by the husband.          p. 264

It was error to instruct the jury that there might be a recovery against the wife if they should find that a contract for the improvements was made with plaintiff by the husband, and should further find that plaintiff furnished materials and work under the contract with the wife's knowledge and acquiescence, without requiring the jury to find that the contract, executed by the husband in his own name, was executed by him acting for himself and as the duly authorized agent of his wife, or was subsequently ratified or adopted by her as the contract of herself and her husband.          pp. 265, 266

In an action on a contract for improvements, which contract was admitted in evidence without objection, it was proper

to admit the specifications, in accordance with which the work was to be done and materials furnished under the contract.

p. 266

In an action against a husband and wife on a contract with plaintiff for improvements on their property, plaintiff's testimony, as to what was said to him by the wife as to permitting him to continue the work, was admissible in support of his contention that he was prevented by defendants from completing the contract.

p. 266

In an action on a contract for the making by plaintiff of improvements on defendants' property, evidence of a previous agreement by plaintiff to do the work for a different sum was inadmissible.

pp. 266, 267

*Decided March 5th, 1924.*

Appeal from the Court of Common Pleas of Baltimore City (AMBLER, J.).

Action by Matius Mondravitzky against Martin Kvedera and Margaret Kvedera, his wife, on a contract for the making of improvements on property belonging to defendants. From a judgment for plaintiff, defendants appeal. Reversed in part.

The cause was argued before BRISCOE, THOMAS, PATTISON, URNER, ADKINS, and OFFUTT, JJ.

*Richard E. Preece* and *Daniel S. Sullivan,* for the appellants.

*Richard M. Duvall* and *Charles B. Bosley,* with whom were *Duvall, Baldwin & Bosley* on the brief, for the appellee.

PATTISON, J., delivered the opinion of the Court.

Martin Kvedera and Margaret Kvedera, his wife, the appellants, are tenants by the entireties of the property known as No. 706 West Lombard Street, in the City of Baltimore, which fronts on said street and runs back to Cider Alley.

In May of 1921 there was no building upon that part of said lot facing upon Cider Alley, and Martin Kvedera entered into a written contract, dated the 13th day of May, 1921, with the appellee, Matius Mondravitzky, to construct a factory building on the vacant portion of said premises. A supplemental contract was executed on the same day that the contract was executed, and it, like the contract, was under seal.

It is shown by the supplemental contract that there was attached to it what is called therein a "memorandum" between the parties, dated April 22nd, 1921, in which the lumber to be used in the building is specifically mentioned and described.

By the terms of the agreement, Mondravitzky was to do the work and furnish the materials to be used in the construction of the building, and was to be paid therefor the sum of $7,400, the aggregate amount of the sums named in the contract and supplemental contract.

It is claimed by the appellee that he furnished all the materials and did all the work required of him under the contract, except the labor necessary for installing the plumbing fixtures, which, he says, he was prevented from doing by the appellants, who, as he claims, were at that time owing him over $3,000 for work done and materials furnished by him to such time. It was to recover the amount claimed to be owing him that suit was instituted in this case.

The declaration contains the common counts and two special counts, one upon the contract and the other for extra labor and materials furnished, for which the defendants promised to pay the plaintiff.

The trial of the case resulted in a verdict for the plaintiff for the sum of $2,700, upon which a judgment was entered. It is from that judgment that the appeal in this case is taken.

In the trial of the case fifteen exceptions were taken to the rulings of the court, fourteen of which relate to the evidence and one to the prayers.

The plaintiff offered two prayers, one of which was granted and the other rejected. The defendant offered eight prayers,

of which the first, second, third and fourth were granted, and the others rejected.

The court was asked by the defendants' "A" prayer to instruct the jury that there was no evidence in the case legally sufficient to entitle the plaintiff to recover against Margaret Kvedera, and asked that a verdict be directed in her favor.

The contention is made by the appellants that, as the contract was made by the appellee with Martin Kvedera alone, and not with both him and his wife, who held the land, upon which the building was to be constructed, as tenants by the entireties, the contract so made with Martin Kvedera was not binding upon her, and consequently no judgment could have been properly recovered against her thereon.

In 13 *R. C. L.,* page 1172, par. 199, it is said: "As a general rule, a husband has no inherent power to contract on behalf of his wife for the improvement or repair of her real estate so as to bind her or her estate for the cost thereof, but he must have some authority from her or such conduct must be shown on her part as will fairly supply the presumption of authority. Such authority will not be implied merely from the fact that the wife has knowledge of the making of the improvements or repairs, nor will his authority to contract for the erection of a house on her land be implied from the fact that he occupies or manages and controls her real estate. On the other hand, as in other transactions where the disabilities of married women are removed, a wife may authorize her husband expressly or impliedly to contract for the improvement or repair of her real estate, and thereby bind her or her estate for the cost." It is also said in the same volume of *R. C. L.,* page 1125, par. 144: "The title and rights of the wife in an estate held by herself and husband, by entireties, are not liable to be conveyed, encumbered or otherwise prejudiced or disposed of by her husband to any greater extent than though such estate was vested in her exclusively in her own right."

It will, therefore, be seen from the above mentioned authority and the cases there cited, that the wife's liability upon the contract of her husband, in such cases, depends

upon the question of agency. If he acts with her authority, either expressly or impliedly conferred upon him, his acts are binding upon her; and "she may also render his unauthorized acts as her agent binding on her by subsequent ratification which under the principles of agency is equivalent to original authority." 13 *R. C. L.,* page 1169, par. 196.

The evidence of the plaintiff is to the effect that Margaret Kvedera made all the payments that were made to him for the work done and materials furnished by him under the contract made with her husband for the erection of the building. That she took an active interest in the work as it progressed, giving instructions in connection therewith, and was present on one or more occasions when Mondravitzky met with her husband and others to discuss different phases of the transaction, and that, on such occasions, she expressed herself freely and positively as to the failures and omissions of the plaintiff in his performance of the contract, thereby showing a full knowledge of the terms of the contract; and it was admitted by her that she was familiar with what she termed the Lithuanian contract, which she said she read over at the time it was made and executed, prior to the execution of the formal contract, dated May 13, 1921; and that she knew of the later contract when she "took the papers to Mr. Preece and showed it to him." Just when this was is not shown by the record: This evidence, we think, was legally sufficient to go to the jury, as tending to show ratification, if not authorization, of the contract made by her husband with the appellee.

The defendants' "B" prayer asked the court to instruct the jury that there was no evidence legally sufficient to entitle the plaintiff to recover. This prayer applied to both of the defendants and, we think, was properly rejected, as in our opinion the evidence found in the record was amply sufficient to go to the jury, as tending to show their liability.

The court, by the defendants' "C" prayer, was asked to instruct the jury that there was no evidence legally sufficient

to show the reasonable value of the building, mentioned in the testimony, at the time the plaintiff ceased work thereon. If the finding of such fact was essential to plaintiff's right to recover, there is, we think, evidence legally sufficient to go to the jury, tending to show such fact, in the testimony of Griffin, a witness offered on behalf of the plaintiff.

The defendants' fifth prayer was covered by one or more of their granted prayers, and therefore, if it was a proper prayer to have been granted in this case, which we do not decide, its rejection by the court was not a reversible error.

This brings us to the consideration of the court's ruling on the granted prayer of the plaintiff, by which the jury were told that "if they find from the evidence that the plaintiff entered into a written contract with the defendant, Martin Kvedera, whereby the plaintiff was to construct certain improvements on the property owned by Martin Kvedera and Margaret Kvedera, his wife, as tenants by the entireties; and if they further find that the plaintiff did furnish certain materials and work under the contract in the construction of said building, with the knowledge and acquiescense of said Margaret Kvedera; and if they further find that the plaintiff was ready and willing on his part to fulfill and complete the contract, but was prevented from doing so by the defendants, then the plaintiff is entitled to recover in this action against the defendants, the reasonable value for such materials and labor furnished by the plaintiff, less such payment, if any, as has been made by the defendants to the plaintiff on account thereof."

To bind Margaret Kvedera, the wife, it was not only necessary to have shown that the defendant entered into the contract mentioned with the plaintiff, but that it, made in his name, was executed by him for both himself and wife as the owner of the property upon which the improvements were to be made, and that he was, either expressly or impliedly, authorized by her to make such contract for and on her behalf as her agent; or that, after the contract was made, though made at the time without her authority, it was by her

subsequent conduct ratified by her as having been made by him as her agent.

By this prayer the jury was not required to find that the contract was executed by the husband for himself and on behalf of his wife, he acting therein as her duly authorized agent, or that she by her subsequent conduct ratified the contract made by him as her agent, without authority when made. But the jury were told that if they found that a contract was entered into between the plaintiff and defendant husband, without submitting to them the question whether it was made by him acting for himself and as agent for his wife, and should further find that work and material were furnished under the contract with her knowledge and acquiescence, etc., a recovery could be had against the wife as well as the husband.

This prayer does not, we think, state the law of this case correctly, in that it fails to require the jury to find that the contract, executed by the husband in his own name with the plaintiff, was executed by him acting for himself and as the duly authorized agent of his wife, or was subsequently ratified or adopted by her as the contract of herself and husband.

The first exception was to the admission in evidence of the specifications, in conformity with which the work was to be done and materials furnished under the contract. The contract, of which the specifications, in effect, were a part, had already been admitted without objection, and we are unable to discover any reason why the specifications should not have been admitted in evidence.

The second exception was to the ruling of the court in admitting the plaintiff to testify as to what was said by Mrs. Kvedera, as to permitting him to continue with the work in the construction of the building. This evidence was admissible in support of the contention that he was prevented by the defendants from completing the contract; and we can discover no error in the court's ruling on the third exception, in which it refused to allow the plaintiff to state whether or not he, on a previous occasion, had not agreed to

do the work and furnish the materials in the construction of the building, at a sum different from that named in the contract subsequently made, under which the work and materials were furnished; nor do we find any reversible error in the rulings upon the fifth, sixth and seventh exceptions.

The evidence admitted under the eighth exception was properly admitted, as the witness Griffin had qualified as an expert; and we find no error in the court's ruling on the ninth exception.

The tenth, eleventh and twelfth exceptions were taken to the refusal of the court to allow Mr. Harrison, former counsel of the plaintiff, to relate certain conversations had with the plaintiff at the time the plaintiff was his client. As we gather from the briefs, this evidence was excluded on the ground of confidential relations existing between them. Upon the limited disclosures made by the record, as to the character, purpose and object of these conversations, we are unable to say that the court erred in its refusal to admit such evidence.

The thirteenth, fourteenth and fifteenth exceptions, which were not discussed in the brief of the defendants' counsel, or in the oral argument, so far as we recall, have been carefully examined by us, and we find no reversible errors in the court's rulings upon any of them.

Because of the error of the court in granting the plaintiff's prayer, the judgment of the trial court will be reversed.

> *Judgment affirmed as to Martin Kvedera and reversed as to Margaret Kvedera, the costs to be paid equally by the appellant Martin Kvedera and the appellee Matins Mondravitzky, and case remanded for a new trial as to Margaret Kvedera.*