PICKING *v.* YATES ET AL.

[No. 296, September Term, 1971.]

*Decided March 10, 1972.*

*Motion for rehearing filed March 28, 1972; denied April 3, 1972.*

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, SINGLEY, SMITH and DIGGES, JJ.

*Ida M. Picking,* in proper person.

*No brief filed on behalf of appellees.*

PER CURIAM.

Mrs. Picking, who with her husband, Guy W. Picking, own, as tenants by the entirety, certain real property in Baltimore County, brought an action in trespass in the county's circuit court against Melvin A. Yates, their tenant; Joe Judge, an automobile dealer, and State Fi-

nance Corporation. The gravamen of the action was that Judge sold one Taylor an automobile financed by State Finance; that Taylor defaulted; that Judge repossessed the car, had it placed on the Pickings' property by arrangement with Yates, the tenant, and refused to remove the car. Additionally, Yates was charged with having damaged the leased premises. A full statement of the facts may be found in *Picking v. State Finance Co.,* 257 Md. 554, 263 A. 2d 572 (1970), where we dismissed an earlier appeal which had been taken from an interlocutory judgment. *See also Picking v. State Finance Corp.,* 332 F. Supp. 1399 (D.Md. 1971), *aff'd,* 450 F. 2d 881 (4th Cir. 1971).

This appeal was taken from an order entered on 30 September 1971, dismissing the case because of Mrs. Picking's refusal to amend her pleadings, by joining her husband, the other tenant by the entirety, as party plaintiff, since he was a real party in interest, on motion made by Yates and Judge under Maryland Rule 203.

While Mrs. Picking raises other issues, her refusal to have Mr. Picking join in the action goes to the heart of the matter, and her appeal must fail. No principle is better established in our law than that tenants by the entirety, because, unlike joint tenants, they hold *per tout et non per my,* must act together to sell their property, *Eastern Shore Bldg. & Loan Corp. v. Bank of Somerset,* 253 Md. 525, 253 A. 2d 367 (1969) ; to subject it to any interest or encumbrance, *Lissau v. Smith,* 215 Md. 538, 138 A. 2d 381 (1958), or to lease it, *Tizer v. Tizer,* 162 Md. 489, 160 A. 163 (1932). Similarly, both spouses must join in an action for damages to property which they own by the entirety, 2 Poe, *Pleading and Practice* § 428, at 18 (6th ed. 1970) not only because of the way title is held, but because Maryland may require on motion by a defendant that even tenants in common be joined as plaintiffs in an action *ex delicto* for damage to real property, *Gent v. Lynch,* 23 Md. 58, 64 (1865). The same rule applies in actions *ex delicto* where personal property is involved, *Koch v. Mack Motor Truck Corp.,* 201

Md. 562, 574, 95 A. 2d 105 (1953). We are mindful that *Parish v. Maryland & Virginia Milk Producers Ass'n,* 250 Md. 24, 100-01, 242 A. 2d 512 (1968) and *Toy v. Atlantic Gulf & Pacific Co.,* 176 Md. 197, 4 A. 2d 757 (1939) may contain intimations to the contrary, but they must be read in the factual context of those cases.

*Order affirmed, costs to be paid by appellant.*