**FREDERICK COUNTY
NATIONAL BANK**

v.

**Arthur S. LAZEROW.**

**Civ. No. B–90–2642.**

United States District Court,
D. Maryland.

Jan. 27, 1992.

Brook Schumm, III, Baltimore, Md., for Frederick County Nat. Bank.

Lawrence Ross Freedman, Roger Frankel, Emily B. Randall, Amy H. Kornbluth, Washington, D.C., for Lazerow.

Michael G. Gallerizzo, Paul J. Cohen, Baltimore, Md., for interested party—Riggs Nat. Bank of Maryland.

## MEMORANDUM OPINION

WALTER E. BLACK, Jr., Chief Judge.

Presently pending before the Court is an appeal by Frederick County National Bank from a decision of the United States Bankruptcy Court for the District of Maryland. This case arises from appellant's motion in the Bankruptcy Court to lift the automatic stay to permit appellant to pursue certain non-estate assets consisting of tenancy by the entireties property exempted by the debtor and property owned by the debtor's wife. The Bankruptcy Court denied the motion, and appellant now takes this appeal. The Fourth Circuit has held that "[a]n order denying relief from the automatic stay is a final appealable order." *Grundy Nat'l Bank v. Tandem Mining Corp.*, 754 F.2d 1436, 1439 (4th Cir.1985). *See also In re American Mariner Industries, Inc.*, 734 F.2d 426, 429 (9th Cir.1984); *In re Leimer*, 724 F.2d 744, 745 (8th Cir. 1984); *In re Comer*, 716 F.2d 168, 171–74 (3d Cir.1983); *In re Regency Woods Apartments, Ltd.*, 686 F.2d 899, 902 (11th Cir. 1982); *In re Taddeo*, 685 F.2d 24, 26 n. 4 (2d Cir.1982). Thus, the Court has jurisdiction over this matter under 28 U.S.C. § 158(a) and Bankruptcy Rule 8001(a).

## I

Appellant, Frederick County National Bank, hereinafter "the Bank," obtained judgments against the debtor-appellee, Arthur Lazerow (hereinafter "the debtor"), and his wife, Tina Lazerow, for $230,876.34 in early 1988. The debtor had obtained loans from the Bank and his wife guaranteed those loans; however, certain of the wife's premarital assets were excluded from coverage by the guarantee. The Bank recorded its judgments only in Frederick County. The debtor and his wife reside in Montgomery County.

On March 25, 1988, the debtor filed a voluntary bankruptcy petition under Chapter 11. Tina Lazerow did not file for bankruptcy. In the debtor's Statement of Financial Affairs at Schedule B–4, he claimed various property as exempt, including his personal residence owned by the debtor and his wife as tenants by the entirety, which is worth no more than $500,000. All parties agreed that five other creditors have perfected outstanding liens on the residence totalling 9.4 million dollars; consequently, the debtor has no equity in the property at this time. All other exempt property, which the debtor valued at approximately $7,400, is also owned by the debtor and his wife as tenants by the entirety.

On July 27, 1990, the Bank filed a Renewed Motion to Lift the Automatic Stay in the Bankruptcy Court. In that motion, the Bank moved the court to lift the stay pursuant to 11 U.S.C. § 362(d)(1) to permit it to record its judgments in Montgomery County and to get a lien on available tenancy by the entirety property, including the debtor's residence. The Bank is the debtor's only unsecured joint creditor.

At the hearing, the Bank argued that, under the facts of this case, if the court did not permit it to perfect a lien against the debtor's property and the debtor was discharged of his debts, a legal fraud would result, since the Bank would no longer be a joint creditor of the debtor and his wife and would never be able to satisfy its judgments against the debtor with the entireties property. The Bank asserted that the Fourth Circuit has recognized that cases such as this result in legal fraud to the creditor and, therefore, permits the creditor to have the automatic stay lifted in order to pursue its state law remedies against entireties property of the debtor. The Bank

referred the bankruptcy court to a line of pertinent Fourth Circuit law including *Sumy v. Schlossberg*, 777 F.2d 921 (4th Cir.1985), *Sovran Bank, N.A. v. Anderson*, 743 F.2d 223 (4th Cir.1984), *Chippenham Hospital Inc. v. Bondurant*, 716 F.2d 1057 (4th Cir.1983), and *Phillips v. Krakower*, 46 F.2d 764 (4th Cir.1931). The Bank argued that these cases unequivocally stand for the proposition that a creditor in the position in which the Bank finds itself has the right to have the automatic stay lifted.

The debtor opposed the Bank's motion and argued that the Bank was merely attempting to improve its position, and presumably its treatment in the debtor's reorganization plan, with respect to other creditors. He argued that the Bank's current predicament is the result of its own failure to record its judgments in the debtor's county of residence and its failure to file a timely objection to the debtor's claim of exemption of his personal residence and other tenancy by the entirety property.

Furthermore, the debtor argued that *Sumy v. Schlossberg* does not support the Bank's position. On the contrary, the debtor contended that under *Sumy*, the tenancy by the entirety property should be included in the estate and administered by the trustee in bankruptcy for the benefit of joint creditors. The debtor argued that the property is not being administered in the bankruptcy estate because the Bank did not object to the exemptions of the residence and other tenancy by the entirety property. This result, the debtor maintained, is the Bank's own fault for sleeping on its rights and did not require the bankruptcy court to lift the automatic stay. The debtor also pointed out that there was no equity in the property and lifting the automatic stay would prejudice the debtor's prospects of successful reorganization. Finally, the debtor argued that this whole issue was appropriate for consideration at the confirmation hearing on debtor's reorganization plan and, therefore, lifting the automatic stay was unnecessary.

The bankruptcy court denied the Bank's motion. It found that the Bank had not shown that legal fraud would result from denial of the motion, and that the sole cause for the Bank's predicament was its own failure to object timely to the debtor's claimed exemptions. Finally, the bankruptcy court found that this issue was more appropriately raised at the confirmation hearing as no fraud could result in any case until the debtor was discharged of his debts. The Bank filed a timely appeal.

## II

■ The first issue of dispute between the parties is the appropriate standard of review in this case. The Bank argues that the bankruptcy court's decision is subject to *de novo* review, whereas the debtor argues that an abuse of discretion standard applies. Bankruptcy Rule 8013 states,

on an appeal the district court ... may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

Therefore, when a bankruptcy judge's legal conclusions are challenged, the district court must make an independent determination of the applicable law. *In re Tesmetges*, 47 B.R. 385 (E.D.N.Y.1984). Otherwise, a bankruptcy court's decision will not be set aside unless it was plain error or an abuse of discretion. *In re Ken Boatman, Inc.*, 359 F.Supp. 1062, 1063 (W.D.La. 1973).

Moreover, the law is well-settled that the bankruptcy court's determination of whether to lift the automatic stay will be overturned only upon a showing of abuse of discretion. *In re Sonnax Industries, Inc.*, 907 F.2d 1280, 1288 (2d Cir.1990); *Gibraltar Sav. v. LDBrinkman Corp.*, 860 F.2d 1275, 1285 n. 14 (5th Cir.1988); *Pursifull v. Eakin*, 814 F.2d 1501, 1504 (10th Cir.1987); *Stephens Industries, Inc. v. McClung*, 789 F.2d 386, 391 (6th Cir.1986); *In re MacDonald*, 755 F.2d 715, 716 (9th Cir.1985); *In re Holtkamp*, 669 F.2d 505, 507 (7th Cir.1982).

In this case, the determination of the standard of review is complicated by the fact that the Bank argues that *Phillips, Bondurant,* and *Sumy* stand for the proposition that the Bank has the absolute right to have the automatic stay lifted. It argues that these cases remove discretion from the bankruptcy court to deny the motion. Therefore, the question the Court must initially decide is whether Fourth Circuit case law requires the stay to be lifted upon motion by a creditor under the facts of this case.

## III

The Court notes that the basis for the complexity of the case now before it is the nature of tenancy by the entirety property. In Maryland, as in most states that continue to retain the common law incidents of tenancy by the entirety, the co-owners must be husband and wife, and each spouse has an undivided interest in the whole property. *Arbesman v. Winer,* 298 Md. 282, 286–89, 468 A.2d 633 (1983). Neither spouse may alienate, encumber or dispose of the property without the consent of the other and the survivor takes the whole property. *Id.* As a consequence of this form of concurrent ownership, tenancy by the entirety property may not be taken to satisfy individual debts of either spouse, *Diamond v. Diamond,* 298 Md. 24, 29, 467 A.2d 510 (1983), but joint creditors of both may pursue the property to satisfy a joint debt. *Arbesman,* 298 Md. at 289, 468 A.2d 633.

Because tenancy by the entirety property is not subject to the individual debts of either spouse, the Bankruptcy Act of 1898 treated that property as not part of the bankruptcy estate when only one spouse filed for bankruptcy. *Chippenham Hospital, Inc. v. Bondurant,* 716 F.2d 1057, 1058 (4th Cir.1983); *Lockwood v. Exchange Bank,* 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061 (1903). The property was not included in the bankruptcy estate and, therefore, was not administered for the benefit of joint creditors. However, once the debtor was discharged, the creditor was no longer a joint creditor but solely a creditor of the non-debtor spouse; consequently, the creditor could no longer seek satisfaction of the debt from tenancy by the entirety property.

When confronted with this factual situation in *Phillips v. Krakower,* 46 F.2d 764, 765 (4th Cir.1931), the Fourth Circuit held that, under these circumstances, the bankruptcy court did not err by deferring discharge and lifting the stay to permit the creditor to pursue its rights against the entireties property in state court. *Id.* at 766. The court stated that failure to let such creditors pursue their state remedies would result in a "legal fraud." *Id.* at 765.

After passage of the Bankruptcy Act of 1978, the Fourth Circuit again had occasion to address this issue in *Chippenham Hospital, Inc. v. Bondurant,* 716 F.2d 1057 (4th Cir.1983). In that case, the debtor's wife was a patient at the creditor hospital during 1981 and was discharged from the hospital with an outstanding balance of $14,346.60. *Id.* at 1057. In September, 1981, the debtor filed for bankruptcy and claimed an exemption for his residence which he and his wife owned as tenants by the entirety. *Id.* The debtor's wife did not file bankruptcy nor join in the debtor's petition. *Id.*

Claiming that the debtor and his wife were jointly and severally liable for the hospital charges, the hospital filed a complaint in bankruptcy court in December, 1981, seeking relief from the automatic stay and delay of the debtor's discharge so that it might pursue its remedies against the entireties property in state court. *Id.* The bankruptcy court lifted the stay and permitted the hospital to seek judgment against the debtor and his wife and to enforce the judgment against the couple's entireties property. *Id.* The district court affirmed this decision by the bankruptcy court. *Id.* at 1058.

On appeal, the debtor claimed that his residence was beyond the reach of bankruptcy creditors because it was exempt. *Id.* He argued that the exemption provisions of § 522 of the Bankruptcy Reform Act of 1978 had overruled the Fourth Circuit's holding in *Phillips. Id.*

In resolving this issue, the court of appeals first noted that § 541(a)(1) of the Code provides that the debtor's estate includes "all legal and equitable interests of the debtor in property at the commencement of the case." 11 U.S.C. § 541(a)(1). The appeals court also noted that this section had been construed to include *the debtor's* interest in tenancy by the entirety property in the bankruptcy estate. *Id.* (citing *Napotnik v. Equibank and Parkvale Savings Association,* 679 F.2d 316, 318 (3d Cir.1982)).

The court then considered the impact of the exemption provisions. Section 522(b) states, in pertinent part:

Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate ... (B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

11 U.S.C. § 522(b)(2)(B). The court of appeals held that this section permits exemption of property only when that property would be immune from process outside of the bankruptcy setting. *Bondurant,* 716 F.2d at 1059. Under the facts presented in *Bondurant,* the court held that because the debtor and his wife would apparently be jointly liable on the debt to the hospital under state law, their tenancy by the entirety property was not exempt from the reach of joint creditors of the bankruptcy estate. *Id.* at 1058.

Moreover, the court pointed out that § 522(c) provides that "property exempted under this section is not liable during or after the case for any debt of the debtor that arose ... before commencement of the case." 11 U.S.C. § 522(c). Consequently, the court of appeals held that analysis of all the applicable provisions of the Bankruptcy Code leads to the same result reached in *Phillips* under the old law. *Id.* at 1059. That is, the bankruptcy court did not err by allowing the creditor to pursue the entireties property in state court.

A close reading of *Bondurant* indicates that, although the court of appeals affirmed the lifting of the automatic stay, it did not directly address the issue of whether lifting the automatic stay was required under the circumstances of that case. The debtor had claimed the property as exempt, as in the case now before the Court; however, the creditor in *Bondurant* filed its complaint to lift the stay shortly after the debtor filed his petition in bankruptcy. Consequently, the court was not faced with the issue of whether the creditor had filed a timely objection to the debtor's claim of exemption of his entireties property. The court of appeals merely held that, under the facts presented in *Bondurant,* the entireties property was not exempt from the reach of joint creditors under the Bankruptcy Code.

Likewise, in *Sovran Bank, N.A. v. Anderson,* 743 F.2d 223 (4th Cir.1984), the court of appeals upheld the lower court's lifting of the automatic stay to permit a secured creditor to proceed in state court against property held by the debtor and his wife as tenants by the entirety and exempted from the bankruptcy estate. *Id.* at 224. However, as in *Bondurant,* the court did not discuss whether the creditor objected to the claimed exemption of the entireties property or whether such an objection is required to proceed against the property.

In *Sumy v. Schlossberg,* 777 F.2d 921 (4th Cir.1985), the court of appeals squarely addressed the issue of whether entireties property can be exempt when only one spouse files for bankruptcy and the debtor schedules joint debts. In *Sumy,* the debtor filed a voluntary Chapter 7 proceeding. *Id.* at 922. On his amended Statement of Financial Affairs, he listed $19,570.50 in unsecured claims, including $1,474.78 in joint debts with his wife. *Id.* He claimed as exempt the $20,000 of equity that he and his wife had in their residence which was held as tenants by the entirety. *Id.* The trustee in bankruptcy objected to this exemption, and the bankruptcy court sustained the objection. *Id.* On appeal, the district court reversed the bankruptcy court. *Id.*

The debtor apparently had argued that, although *his* interest in the entireties property was included in the bankruptcy estate, his wife's interest, and the property itself, was not included in the estate; consequently, he argued that the property was beyond the reach of joint creditors and was properly exempt. *Id.* at 928 n. 15; *see also In re Ford,* 3 B.R. 559, 575–76 (D.Md.1980) *aff'd sub nom. Greenblatt v. Ford,* 638 F.2d 14 (4th Cir.1981). The Fourth Circuit rejected this argument in *Sumy* and held that tenancy by the entirety property is not exempt from the bankruptcy estate to the extent that joint creditors exist for whom the trustee in bankruptcy may administer the property. *Id.* at 932.

In addressing this issue, the court also discussed the *Phillips* remedy and its place in the bankruptcy scheme. After finding that the Bankruptcy Code included tenancy by the entireties property in the bankruptcy estate to be administered for the benefit of all joint creditors, the court stated, "[o]ne might have questioned whether the *Phillips* remedy of lifting the stay in bankruptcy for joint creditors to pursue their remedies in state court survived the Code's elimination of the necessity for that remedy, but we have explicitly held that the option is still available. *Chippenham Hospital, Inc. v. Bondurant,* 716 F.2d 1057 (4th Cir.1983)." *Id.* at 925–926.

Referring to the *Phillips* remedy which was approved in *Bondurant,* the court noted that "[t]he creditor in that case specifically requested lifting of the stay, and our affirmance of that relief says nothing about what other avenues of relief may be available for joint creditors to satisfy their claims." *Sumy,* 777 F.2d at 927. It further stated that *Bondurant* reaffirmed "the guiding principle of all of our relevant cases that joint creditors are entitled, and should in some manner be allowed, to reach entireties property to satisfy their claims." *Id.*

Later in *Sumy,* the court of appeals discussed the advantages of including the entireties property in the bankruptcy estate as opposed to lifting of the stay. It stated:

[j]oint creditors often may choose among different methods to obtain satisfaction, but we note several practical concerns that support our result and the availability of [11 U.S.C.] § 363(h). For example, bankruptcy law's longstanding principle of equal treatment of similarly situated creditors may be violated, and joint creditors who race to have the stay lifted and to state court may obtain an undeserved advantage. Each joint creditor may have to move separately for an order lifting the stay, and each may incur additional and largely duplicative expenses proceeding against the debtors and the property in state court. Some joint creditors … may not have a sufficient individual incentive to pursue their claims at all outside of the bankruptcy arena. Once the parties are freed of the stay, priorities will be determined in state court largely according to state law, and the bankruptcy court will relinquish control over collection of the claims. If joint creditors do not act quickly enough to preserve their rights in state court, the debtor may secure a discharge and thus accomplish the 'legal fraud' condemned in *Phillips.*

Another practical problem is that the discharge of the debtor must be withheld during the pendency of the underlying lawsuit and execution and foreclosure action in state court, which hinders the debtor in obtaining a prompt fresh start from bankruptcy. This same lengthy delay may also postpone distribution of the assets to creditors of the estate, because a joint creditor, even if secured, may emerge from the state proceedings with its claim less than wholly satisfied and thus be due some share from the estate. Thus, we agree with the Sixth Circuit, that '*in appropriate cases, the court may lift the automatic stay* to allow the creditor to proceed against the entireties property in state court,' but that, especially where the trustee does not request that relief, '[w]e see no reason for such a procedure here, when judicial economy would be better served by a single proceeding in bankruptcy court.'

*Id.* at 931–32 (emphasis added). Thus, the Fourth Circuit has expressed a clear preference for including entireties property in the bankruptcy estate for the benefit of all joint creditors, rather than having individual creditors pursue the property in state court after the stay has been lifted. *Sumy* also made clear the Fourth Circuit's position that "in appropriate cases, the court *may* lift the automatic stay," *id.* at 932, but such relief is not required given that other methods may avoid the "legal fraud" with which the court of appeals is concerned.

The Court's review of this Fourth Circuit law confirms that the *Phillips* remedy was initially approved at a time when tenancy by the entirety property did not become part of the bankruptcy estate; at that time, by operation of the discharge of the bankruptcy laws, joint creditors would forever lose the opportunity to satisfy their judgments with entireties property if the automatic stay was not lifted to permit them to pursue their state court remedy.

The adoption of the Bankruptcy Act of 1978 brought a change in the law to include entireties property in the bankruptcy estate to the extent joint creditors exist for which the property may be administered. Consequently, the *Phillips* remedy is no longer the exclusive relief for joint creditors. Furthermore, given the judicial economy and equality of treatment for all joint creditors achieved by including the entireties property in the estate, the *Phillips* remedy is not the preferred method for handling entireties property. The Court holds, therefore, that the bankruptcy court is not *required* by Fourth Circuit case law to lift the automatic stay to permit an unsecured joint creditor to pursue entireties property in state court, but is permitted to do so in appropriate cases.

■■■■ This holding leads the Court to the conclusion that the appropriate standard of review of the bankruptcy court's denial of the motion to lift the stay under the facts presented by this case is whether the bankruptcy court abused its discretion in denying the motion. Under this standard, the reviewing court will only over-turn the decision of the lower court "when there is a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of all relevant factors." *Stephens Indus., Inc. v. McClung,* 789 F.2d 386, 389 (6th Cir.1986).

IV

In its opinion, the bankruptcy court found that the Fourth Circuit cases cited by the Bank require it to show that legal fraud would result from a failure to lift the automatic stay, and the Bank had not made such a showing. The court noted that the existing liens on the house far exceed the value of the property and that even if the residence had not been exempted and the Bank had perfected a lien, the lien would be worthless and the Bank would still be an unsecured creditor and acquire no further rights in the bankruptcy proceeding under 11 U.S.C. § 506(a). Consequently, the court concluded that denying the Bank's motion would not result in a legal fraud.

The court also found that no fraud would occur because the Bank had the right to object to the exemption of the house and other tenancy by the entirety property, but failed to object in a timely manner. The court distinguished *Bondurant* by finding that *Bondurant* merely allows a joint creditor to pursue property outside of the bankruptcy proceeding when it can show the property is not properly exempt as to joint creditors. The court found that *Bondurant* did not address the issue of whether a creditor must make a timely objection to the claim of exemption in order to take advantage of the *Phillips* remedy. However, the court did find that *Sumy* suggests that the preferable remedy is to limit the creditor to administration of the joint property in the bankruptcy estate for the benefit of all joint creditors. Furthermore, the court found that *In re Dembs,* 757 F.2d 777 (6th Cir.1985), held that a joint creditor could not obtain relief once property became exempt, *id.* at 780.

Finally, the court held that the legal fraud with which the Fourth Circuit was concerned in *Phillips, Bondurant,* and

*Sumy* cannot occur until the debtor is discharged of his debts. In chapter 11 proceedings, discharge will only occur after the debtor's plan of reorganization is confirmed. Therefore, the court held that the Bank's concern with legal fraud to its rights was more properly raised at the confirmation hearing, at which time the court could examine the plan of reorganization and its effects with respect to the rights of all joint creditors.

### V

■ The Court has carefully reviewed the Fourth Circuit law as it applies to the facts of this case and has also closely examined the facts and the record before the bankruptcy court. After due consideration, the Court is satisfied that the bankruptcy court did not abuse its discretion by denying the Bank's motion to lift the automatic stay.

The position in which the Bank finds itself is due to two omissions of its own. First, the Bank failed to record its judgments in the county of the debtor's residence, despite the fact that it obtained its joint judgments in Frederick County Circuit Court nearly three months prior to the debtor's bankruptcy petition. Second, the Bank failed to object to the debtor's claimed exemption for the residence and other tenancy by the entirety property. The failure of the Bank to take advantage of its rights certainly diminishes its argument that it is the victim of a legal fraud.

Furthermore, the Court recognizes, as did the bankruptcy court, that even if the Bank had recorded its judgments in Montgomery County and acquired a lien against the entireties property, it would still be an unsecured creditor in the bankruptcy proceeding. The debtor has absolutely no equity in the property and, in fact, five other creditors possess liens on the property totalling 9.4 million dollars. The residence is worth $500,000 at most. The Bank argues that, although the debtor has no equity in the property at the moment, the debtor may gain equity in the future which the bank could use to satisfy its judgments. While this may be true, the Court finds the possibility speculative at best and not the purpose for which the Fourth Circuit has approved the *Phillips* remedy.

Finally, as the bankruptcy court appropriately pointed out, no legal fraud could possibly result until the debtor is discharged of his debts. The discharge will not occur until the bankruptcy court has held a confirmation hearing on the debtor's plan of reorganization. The court did not abuse its discretion by finding that this matter is more properly an issue for the confirmation hearing. Although the Bank is the debtor's only unsecured joint creditor, there are other secured joint creditors who are undersecured. By taking up the Bank's concerns at the time of confirmation, the bankruptcy court can consider it in the light of the rights of all joint creditors and, therefore, treat all more equitably.

The Court finds that the bankruptcy court did not abuse its discretion in denying the Bank's Renewed Motion to Lift the Automatic Stay. Accordingly, the Order of the bankruptcy court is affirmed.